(No. 32134.—

RAY KINNEY *et al.,* Appellants, *vs.* THE CITY OF JOLIET *et al.,* Appellees.

*Opinion filed January 24, 1952.*

290

BLATT & BLATT, and EUGENE C. SHUTTS, both of Joliet, (GEORGE N. BLATT, SR., of counsel,) for appellants.

FRANCIS A. DUNN, MURPHY & ANDERSON, and JOHN B. ANDERSON III, all of Joliet, for appellees.

Mr. JUSTICE MAXWELL delivered the opinion of the court:

Plaintiffs, Ray Kinney and others, owners of residence property in the vicinity of thirteen lots in the city of Joliet, filed suit in the circuit court of Will County against said city seeking to restrain enforcement of an ordinance by which such lots were rezoned from a residence to a business classification. Upon motion, Hansen and Petersen Company, a corporation, as owner of twelve of said thirteen lots, was permitted to intervene as a party defendant and it adopted the answer of the city as its answer to the complaint. The circuit court, after hearing, found the issues for the defendants and dismissed the complaint for want of equity. The trial court certified that the validity of an ordinance is involved and plaintiffs appeal directly to this court.

The general zoning ordinance of the city of Joliet was adopted in 1939 and classified the property in question as class "R-1," defined as one-family residences. Most of the properties in the area were given a like classification although a few, including one just across the street, were classified "B-1," defined as "building local." Other prop-

erties in the general area have, by ordinance, been reclassified from residential to business property.

A petition was filed with the zoning commission to permit the use of the property in question for business purposes and, after proper notice, a hearing was had and said commission made findings of fact and recommended to the city council that the petition be granted. The petition does not appear in the record, but since the legislative authorities and the parties hereto, throughout their pleadings and briefs, refer to the action as a reclassification, we will consider the change as having been made under section 73-8 of the Revised Cities and Villages Act. Ill. Rev. Stat. 1951, chap. 24, par. 73-8.

Following the recommendation of the zoning commission, the city council passed the ordinance complained of, whereby the original zoning ordinance was amended by reclassifying the property in question from "R-1" to "B-1." Suit was then instituted by plaintiffs praying that the rezoning ordinance be declared invalid and that the defendants be enjoined from enforcing the provisions of such ordinance. The complaint alleged that the plaintiffs and others in the area were young people raising families; that grocery stores and other retail stores had long been established immediately east of the property in question; that the intervening defendant corporation is negotiating a sale of said lots for a food supermarket and parking area in connection therewith; that plaintiffs and others appeared before the zoning commission to protest the reclassification of the lots and that the enforcement of the reclassification would work an irremediable injury to the property rights of owners in the vicinity and endanger the personal safety of the plaintiffs and their children. The answers of the defendants alleged that the commission, after due notice and hearing, recommended that the property be reclassified; that the recommendation was a reasonable exercise of authority and that the passage of the ordinance was a reason-

able exercise of legislative discretion vested by law in the city council. The court below entered a decree finding that the ordinance was in the public interest and bore substantial relation to the public health, safety, comfort, morals and welfare; that there was not sufficient reason for the court to interfere with the legislative judgment of the city of Joliet and dismissed the complaint for want of equity.

Defendants have properly raised the point that plaintiffs failed to comply with Rule 39 of this court in that they failed to follow their statement of facts with a statement of errors relied upon for reversal. The purpose of the rule is to present to courts of review the questions which they are called upon to review, without being compelled to search the brief and argument to ascertain the issues. The order in which the brief presents the issues is not jurisdictional, but a reviewing court may determine whether or not its rules have been substantially complied with. (*Gyure* v. *Sloan Valve Co.* 367 Ill. 489.) While there is a serious question whether the rules have been substantially complied with, we are able to determine from an examination of the entire brief the major questions involved and will not dismiss the appeal. By this failure to dismiss, we are not condoning "shotgun" appeals nor is our decision to pass upon the appeal authority for the proposition that the rules may be disregarded. The law with reference to zoning is voluminous and we cannot hope to cover the whole field. The case at bar will therefore be considered from the standpoint of the clear-cut issues which are recognized by the parties in the briefs and arguments.

One of the principal contentions of the plaintiffs is that to sustain a rezoning of property it must affirmatively appear that the public welfare, health, comfort or safety requires the reclassification. It is argued that the rule relative to rezoning is different from original zoning in that originally there is a presumption that the legislative authorities exercised their legislative discretion, but that no

such presumption exists in case of rezoning. We have consistently held that the presumption applies in both cases. An ordinance enacted in the exercise of power conferred upon a municipality enjoys a presumption in favor of its validity, and it is incumbent upon one attacking it as unreasonable and oppressive to show affirmatively and clearly that such charge is true. *Zadworny v. City of Chicago*, 380 Ill. 470; *County of Du Page v. Henderson*, 402 Ill. 179; *Village of Western Springs v. Bernhagen*, 326 Ill. 100; *Wesemann v. Village of La Grange Park*, 407 Ill. 81.

Plaintiffs contend that the record is devoid of any proof that public welfare, health, safety or comfort require a change of classification, and that since ordinances pertaining to zoning can only be sustained under the police power, they must bear some substantial relationship to public welfare, health, safety or comfort. The question of whether such relationship exists must be gathered from the whole record.

Practically all of the physical facts have been stipulated. The property in question is on the south side of Jefferson Street between Prairie and Wheeler Avenues about eight blocks east of the westerly city limits. Jefferson Street is the only east-west artery through the city of Joliet and is known as Illinois Highway No. 52. Three schools and three churches, none of which are on Jefferson Street, are located in the general area and used extensively by the inhabitants thereof. Within a distance of 60 to 700 feet east of the lots are located a drugstore, theatre, drive-in restaurant, a combination restaurant, tavern and package liquor store, three grocery stores, three gasoline stations, a health center, physicians offices, an electrical manufacturing plant, a beauty parlor and a barbershop. Within a distance of 1000 to 2600 feet west of the property is a greenhouse and floral shop, tavern and other retail businesses. The owner of most of the property in question contemplates a sale to a prospective purchaser who has

plans and specifications for the erection and construction of a supermarket with provision for a parking area off of the street.

One of the plaintiffs, Joseph Wallace, testified that he and two neighbors purchased three lots on Prairie Avenue close to the lots in question after the original zoning ordinance was passed, that they would not have purchased their property if some of the property was other than residential and that they relied on the zoning ordinance then in effect. Three other residents of the area, including one other plaintiff, stipulated that their testimony would be the same as that of Joseph Wallace. The only other witness called by plaintiffs was one Wayne F. Kunkel who testified that he was a real-estate broker; that he lived in Pontiac, Illinois, but operated all over the State; that he was acquainted with the factors which determine valuations of real estate and that residence property in the immediate neighborhood of the rezoned lots would depreciate from 25 per cent to 27 per cent. On cross-examination he admitted that he had sold no lots or property on Jefferson Street nor on the west side of Joliet. He conceded that other realtors might differ with him.

Defendants called one Ford C. June, who testified that he was a Joliet realtor of 30 years' experience; that he was familiar with property on West Jefferson Street; that the area was used for residential and business purposes; that the value of the rezoned property would be 30 cents per foot for residential purposes and 75 cents per foot for business; that the value of surrounding property used for residential purposes would not decrease but that unimproved lots would increase; that present-day city planning is toward decentralization of business and that the lots in question are ideal for a neighborhood business.

One Levon Seron testified that he was educated as an architect and structural engineer; that he had been a realtor for the past five years, primarily in Joliet; that he

had studied zoning and city planning; that the area about which this controversy is concerned is residential and business; that in his opinion the highest and best use of the lots is commercial or business; that 40 per cent of the area is devoted to business, which has established a trend; that the construction of a supermarket would have no adverse effect on the welfare of residents of the area; that the trend is toward bringing business to the customer and that in his opinion the new business would lessen congestion downtown and would be a benefit to all residents of the city.

The rule has long been recognized by this court that constitutional guarantees of private rights are subject to the qualification that they may be cut down by governmental agencies acting under a proper exercise of the police power of the State. The power to interfere by zoning regulations with general property rights, by restricting the kind and use of property, is not unlimited, and such restrictions cannot be imposed if they do not bear some substantial relation to the public health, safety, morals or public welfare. (*Zadworny* v. *City of Chicago,* 380 Ill. 470; *Forbes* v. *Hubbard,* 348 Ill. 166.) In ascertaining whether a particular zoning ordinance is in the interest of the public welfare, each case must be determined upon its own peculiar facts. *Braden* v. *Much,* 403 Ill. 507; *Johnson* v. *Village of Villa Park,* 370 Ill. 272.

When the foregoing principles are applied to the facts in the instant case, we are of the opinion that the exercise of the police powers by the city council, by the passage of the amendatory ordinance, bore a substantial relationship to public comfort and welfare.

There is no contention that interested parties did not have an opportunity to be fully heard. It was stipulated that the commission heard evidence and arguments both in support of and in opposition to the petition and that the members of the commission personally examined the premises in question and the surrounding neighborhood before

recommending the granting of the reclassification requested in the petition. Following the recommendation of the commission, the city council passed the ordinance reclassifying the property, and the mayor approved the same.

Where there is room for a legitimate difference of opinion concerning the reasonableness of a particular zoning ordinance, or an amendment thereto, the finding of the legislative body will not be disturbed. (*Jacobson* v. *Village of Wilmette*, 403 Ill. 250; *Mercer Lumber Cos.* v. *Village of Glencoe*, 390 Ill. 138.) The question is not whether the action of the legislative body is reasonable, but whether a legitimate difference of opinion exists. *Downey* v. *Grimshaw*, 410 Ill. 21.

After a careful examination of the entire record, we are of the opinion that the action of the city council was not unreasonable and that, in any event, there was a legitimate difference of opinion on the subject.

We find no prejudicial error and the decree of the circuit court is affirmed.

*Decree affirmed.*