(No. 32972.—

MARSHALL WECHTER, Appellant, *vs.* THE BOARD OF APPEALS *et al.,* Appellees.

*Opinion filed May 24, 1954.*

MICHAEL M. PHILLIPS, of Chicago, for appellant.

JOHN J. MORTIMER, Corporation Counsel, of Chicago, (L. LOUIS KARTON, and JOSEPH F. FOX, of counsel,) for appellees.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

Marshall Wechter purchased a two-story brick building at 1800-04 North Larrabee Street, Chicago, for the purpose of conducting therein a business of spraying paint and protective coatings on metal parts or fabrications manufactured elsewhere. He was denied a building permit on the ground that such use of the premises violates the applicable zoning ordinance. He appealed to the zoning board of appeals, which sustained the decision of the building commissioner, and on further review in the circuit court of Cook County the decision of the zoning board of appeals was affirmed. The court certified that the validity of a municipal ordinance is involved and that the public interest requires a direct appeal to this court.

It appears from the record that in 1923 a zoning ordinance was adopted classifying the district as "commercial." In 1942 the ordinance was amended by reclassifying the area as "business." Section 19 of the 1942 ordinance provides in part that "Any lawful use of property on the effective date of this ordinance, which by virtue of its provisions, is a non-conforming use, is permitted after this ordinance becomes effective." Section 20 provides in substance that nonconforming uses shall be discontinued upon subsequent transfer of ownership "unless then maintained in a building designed for such non-conforming uses." On the effective date of the ordinance the first floor of the

premises was occupied by a tinsmith's shop and the second floor by a carpenter's woodworking shop, and at other times in the past the building was used for various kinds of manufacturing. Appellant's purchase of the building was subsequent to the adoption of the 1942 ordinance.

Appellant contends the evidence shows that his present use is lawful under the 1942 ordinance as a nonconforming use; that the building, having been designed and used for "manufacturing," satisfies the requirements of the exception in section 20. It is further contended that the ordinance as applied in this case "arbitrarily denies to the plaintiff the use of his property for the only purpose for which it is suited and for which he purchased it," and therefore violates both the fourteenth amendment to the Federal constitution and section 13 of article II of the Illinois constitution.

It is clear that a use for tinsmith and woodworking shops—the use existing on the effective date of the 1942 ordinance—is not the same as the present use. The fact that both might be generically described as "manufacturing" does not make them identical for present purposes. It is the particular use, and not its general classification, that is contemplated by the ordinance. Hence, whether the former use was a valid nonconforming one under the provisions of that ordinance, as argued by appellant, is beside the issue. The conclusion that the ordinance does not permit a business of painting and spraying metal parts in the present location was fully warranted.

There remains for consideration the contention that the ordinance as so applied is arbitrary and void. The record contains testimony of residents in the neighborhood to the effect that the operations in question create obnoxious fumes and odors. Appellant produced no evidence, other than that relating to the former uses of the property, to show the classification is arbitrary. The record clearly contains evidence to reasonably support a finding that there is

16

a substantial relationship to public health, safety and welfare. In such cases the action of the legislative body will not be disturbed. *Kinney* v. *City of Joliet,* 411 Ill. 289.

It is primarily the province of the municipal body, to which the zoning function is committed, to determine the use and purpose to which property may be devoted; and it is neither the province nor the duty of courts to interfere with the discretion with which such bodies are vested, unless the legislative action of the municipality is shown to be arbitrary, capricious, or unrelated to public health, safety and morals. (See *Trust Company of Chicago* v. *City of Chicago,* 408 Ill. 91, 98.) Since appellant has failed to make such a showing in the case at bar, the judgment of the circuit court must be affirmed.

*Judgment affirmed.*