(No. 34078.—

HAROLD M. BOHAN *et al.*, Appellants, *vs.* THE VILLAGE OF RIVERSIDE *et al.*, Appellees.

*Opinion filed November 26, 1956.*

WALLACE B. KEMP, of Chicago, for appellants.

TENNEY, SHERMAN, BENTLEY & GUTHRIE, and ROBERT W. MURPHY, both of Chicago, (S. ASHLEY GUTHRIE, of counsel,) for appellees.

Mr. JUSTICE BRISTOW delivered the opinion of the court:

Plaintiffs-appellants appeal directly to this court from a final order and declaratory judgment of the circuit court of Cook County in favor of the defendants, entered upon their motion for judgment on the pleadings, which held certain amendments to a zoning ordinance valid and denied plaintiffs' prayer for an injunction restraining the construction and use of a building for a youth center.

The trial judge certified that the validity of a municipal ordinance is involved and in his opinion the public interest requires a direct appeal. Consequently, this court properly has jurisdiction.

The ultimate question at issue is the validity of an amendment to the zoning ordinance of the village of Riverside adding to the specific uses permitted in a Residence District B-4 (an office-residence district) the following: "Clubs, associations, or recreation rooms and quarters not involving, however, the conduct of a retail business on the premises."

Prior to adoption of the zoning amendment in question, the permitted uses in Residence District B-4 included business and professional offices; medical clinics and hospitals; private, vocational and professional schools; portrait studios; funeral parlors and mortuaries, and uses permitted in more restricted residence districts. The more restricted districts permitted single, duplex and multiple family residences; municipally owned or operated public library, park, playground, recreation or field house or public utility; churches; public, private or parochial elementary or high schools; hotels, lodging or boarding houses; and free parking lots appurtenant to such uses.

The plaintiffs are owners of property adjacent to and in the vicinity of a tract of land purchased by defendant District 208 Youth Center, Inc., in Residence District B-4 on which it is proposed to construct and operate a youth center, with its usual activities including dancing and youth parties. Plaintiffs allege they purchased their property in reliance on the continued existence and benefits and advantages of the use limitations.

The amended complaint alleges that on August 17, 1955, the village board of trustees adopted an amendment to its zoning ordinance known as ordinance No. 833 which permitted club, association or recreation rooms or quarters in Residence District B-4 on which ordinance no hearing was ever had before a committee appointed by corporate authorities nor notice of hearing published as required by section 73—8 of the Revised Cities and Villages Act, (Ill.

Rev. Stat. 1955, chap. 24, par. 73—8,) and that such ordinance was therefore invalid and void.

The amended complaint further alleges that subsequent to filing the original complaint the village adopted a new ordinance, No. 838, incorporating the same provisions as the prior ordinance, by publishing notice thereof in the form of a legal notice. It is charged such ordinance is illegal and void in that it was manipulated so as to avoid any notice of the pendency of such ordinance or hearing thereon reaching plaintiffs or their counsel by not giving personal notice or publishing notice in a spread two columns wide as such ordinances were normally published in the past.

The amended complaint further alleges that prior to adoption of the ordinances in question the use of the youth center property for dances for large numbers of persons was forbidden; that the youth center threatens and intends to construct on its property a building to accommodate 180 couples to be used primarily for dancing Friday and Saturday nights, or more often, for its members who are all under 18 years of age; that the village is aware of such intentions and proposes to permit the same; that the character of the neighborhood is overwhelmingly residential and peaceful; that the operation of the youth center will greatly increase traffic and traffic hazards on a road of narrow dimensions traversing the area, will disturb the peace and tranquility expected by bereaved relatives and friends of deceased persons from time to time in a funeral home adjacent to the youth center property, will seriously and detrimentally affect the business of the funeral home, will increase fire hazards, will cause the neighborhood to deteriorate seriously as a residential neighborhood, and will greatly damage the market value of plaintiffs' property.

By virtue of the foregoing, the amendments to the zoning ordinance were alleged to be unconstitutional, illegal and invalid in that they were not passed for the purpose

of public health, safety, comfort, morals and welfare, were special legislation, and deprive plaintiffs of property without due process of law.

Answers by defendants, replies thereto by plaintiffs, motions to strike portions of answers, and defendants' motion for judgment on the pleadings were thereafter filed.

The trial court in its order and judgment found that ordinance No. 838 was legally passed and approved after lawful publication and hearing thereon, that the ordinance was valid and effective, that the youth center property was in Residence District B-4, and that the proposed use of such property was lawfully permitted under the ordinance.

Plaintiffs in their appeal argue that the action of the trial judge in allowing defendants' motion for judgment on the pleadings and in making findings of fact and law was improper and that the ordinances were invalid.

Plaintiffs first contend that the motion for judgment on the pleadings does not comply with the requirements of section 45 of the Civil Practice Act (Ill. Rev. Stat. 1955, chap. 110, par. 45,) that motions directed to pleadings shall point out specifically the defects complained of, and the motion was so transparently insufficient in law that the chancellor should have refused to entertain it, citing *Lederer* v. *St. Clair Hotel, Inc.* 339 Ill. App. 214. When the motion for judgment was filed, the case was pending on the complaint, answers thereto, and plaintiffs' motions to strike. Replies were later filed by leave of court before judgment was entered. Plaintiffs did not question the form of motion for judgment on the pleadings although they had ample opportunity. Even if the motion was questionable as to form, it could have been corrected if objection on that ground had been seasonably made in the trial court. The objection to the form of the motion will not be considered when raised for the first time on appeal. *Thomas* v. *Durchslag,* 404 Ill. 581.

Although plaintiffs attack the legality and validity of

ordinance No. 833, the first amendment to the zoning act in question, its validity is of importance only if the later ordinance No. 838 repealing the prior amendment and enacting a new amendment is invalid.

Ordinance No. 838 is first attacked from a procedural and technical point of view for the reason that it was passed after the filing of the original complaint herein without personal notice to the court or to the plaintiffs. The amended complaint itself shows that notice of hearing on the ordinance was given by a legal publication and hearing had thereon, all as required by section 73—8 of the Revised Cities and Villages Act. The mere pendency of a suit by plaintiffs does not affect the powers of a municipality to pass an ordinance or the manner of exercise of such power as prescribed by statute. There was no requirement that the village give personal notice to the plaintiffs or to the court of the proposal to pass an ordinance amending the zoning ordinance and correcting alleged technical defects in the old ordinance, other than the statutory notice. From a procedural and technical point of view, ordinance No. 838 was lawfully passed and we need not consider the alleged circumstances surrounding passage of ordinance No. 833.

But plaintiffs' main contention is that the ordinance must comply with the enabling act, that allegations of fact in the amended complaint must be taken as true, and that those allegations establish that the ordinance failed to comply with the substantive requirements of the enabling act.

There is no question but that the validity of an amendatory zoning ordinance must be determined by the same rules and tests as those applied in ascertaining the validity of original zoning ordinances. (*Trust Company of Chicago* v. *City of Chicago,* 408 Ill. 91.) The same case, and many others too numerous to cite, clearly establish that a zoning ordinance to be valid must not be arbitrary and unreason-

able, but must bear a substantial relation to the public health, safety, comfort, morals or welfare.

Plaintiffs argue that the motion for judgment admits the allegations that the ordinance will greatly increase traffic and traffic hazards, will increase fire hazards, will disturb the peace, will decrease the value of lands, and will change existing conditions and uses to which the property is presently devoted. Therefore, they argue, the ordinance violates the enabling act, is arbitrary and unreasonable, and beyond the power of the village. They further argue that plaintiffs were entitled to rely on the classification of the property.

However, all presumptions are in favor of the validity of a zoning ordinance, the courts will not overrule the legislative decision as to granting a variation where the question is fairly debatable, and the burden is on objecting parties to show that an ordinance is unreasonable, arbitrary and capricious. *Bullock* v. *City of Evanston,* 5 Ill.2d 22; *Kinney* v. *City of Joliet,* 411 Ill. 289.

The complaint clearly shows that plaintiffs' property for many years has been situated in a district where permitted uses included parks, playgrounds, recreation and field houses, churches, schools, hotels, business and professional offices, and hospitals. Although plaintiffs have a right to rely upon the classification of property and that classifications will not be changed unless required for the public good, (*Kennedy* v. *City of Evanston,* 348 Ill. 426,) they also acquired their property knowing amendments could be made to the ordinance within the limits of the law. The allegations of the complaint nowhere indicate in what manner the proposed use is dissimilar to presently permitted uses, or will create more traffic hazards, fire hazards, reduction in property values, disturbance of the peace or interference with a funeral home than playgrounds, recreation houses, schools or hotels. There is no factual basis alleged in the complaint for holding that use of the

property for clubs, associations or any other recreational establishment is more onerous than the uses previously specifically permitted. The fact that such club or association may consist of youths does not render the ordinance invalid. Organizations composed of youths are not, for that reason, undesirable as a matter of law. Youth is a vital and integral segment of our community life and must be given an opportunity to become responsible members of society.

The allegations of injury or damage that may result from wrongful operation and conduct of the youth center are necessarily speculative. If and when a wrong occurs it may be corrected but it cannot be assumed in advance that the wrong will occur. Because a privilege may be abused is no reason why it shall be denied. *City of Chicago* v. *Drake Hotel Co.* 274 Ill. 408.

In view of the character of uses permitted in the district in question as appears in the complaint, there is no sound basis appearing in the complaint for the assertion that the action of the village was unreasonable, arbitrary or capricious, or that the ordinance was in any sense invalid.

The judgment of the trial court is affirmed.

*Judgment affirmed.*