The Stratford Aire Association, a Corporation Not For Pecuniary Profit, et al., Appellants, v. John W. Hibser, et al., Appellees.

Gen. No. 11,360.

Second District, First Division.

June 2, 1960.

Leiter and Durfee, of Peoria, for appellants.

Eugene M. Pratt, State's Attorney, Joseph J. Solls, and Jay J. Alloy, all of Peoria, for appellees.

McNEAL, P. J.

This appeal involves the validity of a 1958 amendment to the Peoria County Zoning Ordinance, which

rezoned certain property owned by defendants John W. and Frances F. Hibser, from residential to commercial use. The action was commenced in the Circuit Court of Peoria County by The Stratford Aire Association and about sixty individual plaintiffs who were members of the Association and residents and owners of property in the Stratford Aire Subdivision in the City of Peoria. The Hibsers, their lessee, The Texas Company, and the County of Peoria were named as defendants. Plaintiffs prayed for a judgment declaring that the amending ordinance is void and unconstitutional and for an injunction restraining the county and its officers and agents from acting under the ordinance. After hearing the evidence presented, the court found that plaintiffs had failed to establish the invalidity of the ordinance or a right to injunctive relief, and entered a decree dismissing their complaint for want of equity and a judgment on all issues in favor of defendants and against plaintiffs.

The property rezoned is a rectangular tract located at the northeast corner of the intersection of University Avenue extending north and south, and War Memorial Drive, a four-lane divided highway, also known as new U. S. Route 150, which there extends generally in east-southeasterly and west-northwesterly directions from the intersection. The tract measures about 108 feet east and west and 135 north and south along the east line of University Avenue. The tract and the intersection are located in the County of Peoria, but the corporate limits of the City of Peoria meander around the intersection at distances of from one to three hundred feet to the north, along the east line of Hibsers' property, and southeast and southwest of the intersection. The premises of the individual owners and members of the Association are located in the Stratford Aire Subdivision to the north and

216

east of the Hibser property and within the corporate limits of the City of Peoria. It is alleged that the Association is a corporation not for profit, organized to act as representative of its members in the enforcement of subdivision restrictions and to aid by all lawful means the development of surrounding territory as desirable residential property.

When the Peoria County Zoning Ordinance was adopted in 1948, the tract here involved was classified for residential use. Hibsers acquired the tract and 50 feet adjacent on the east in 1952 for $15,000. It was improved with a dwelling which was rented for $80 a month. In 1955 the Zoning Board refused to recommend that the Hibser property be reclassified for use for a root beer stand. That decision was upheld by the County Board, and the Circuit and Appellate Courts. Hibser v. Zoning Board of Appeals of Peoria County, 12 Ill.App.2d 365, 139 N.E.2d 325.

The ordinance involved in the instant action followed a recommendation by the Zoning Board that the tract, not including the 50 feet adjacent on the east which abuts residential property in Stratford Aire, be rezoned commercial, subject to certain restrictions. When the recommendation was submitted to the Board of Supervisors, the supervisors voted 21 to 11 in favor of the reclassification. However, a ¾ths vote of all members of the board was necessary to enact the ordinance, because plaintiffs had filed a protest. At a subsequent meeting Supervisor Hamilton moved to reconsider the recommendation, Supervisor Sprenger seconded the motion, and the County Board voted 29 to 5 to adopt the ordinance. In their complaint plaintiffs alleged that the record of the board's proceedings failed to show the name of the supervisor who seconded the motion to reconsider. Thereafter the board met and corrected the minutes of the former meeting

217

to show that the motion to reconsider had been made and seconded by supervisors qualified under the board's rules of procedure to make and second the motion.

The ordinance rezoned the tract in question from residential to commercial so as to permit the construction and operation of a gasoline service station subject to certain restrictions, viz.: that the northerly and easterly property lines be landscaped and that there be no vehicular ingress or egress across the north line to Stratford Drive; that all lighting facilities be directed toward University Avenue and designed to eliminate glare to residential properties; and that the station be laid out so as to permit the purchase by the State of Illinois of a strip of land about ten feet wide along the west side of the tract. In accordance with the provisions of the ordinance, the owners have accepted the restrictions and made them covenants running with the land by formal document filed in the Recorder's office, and the strip has been acquired by the State.

The evidence discloses that the Hibsers have leased the tract to the Texas Company for a term of 15 years at a rental of $550 per month, provided lessors erect a $32,000 service station and contingent upon the rezoning effected by the ordinance; and that such use is the highest and best use for the land. One witness valued the tract for residential use at $11,000.

As to use restrictions in the immediate vicinity of the proposed station, the evidence shows that all other corners of the intersection are zoned commercial. Gasoline stations are located on the southeast and southwest corners. The northwest corner is used for a housetrailer sales and display lot. Between Hibsers' south line and the north line of Route 150, there is a triangular segment of land which was a part of a larger tract lying south of the highway and which

remains after its construction. This segment of land was and continues to be zoned commercial.

South and west of the intersection considerable reclassification of various tracts for commercial and light industrial uses has occurred since 1948. On University Avenue in the block south of Route 150, in addition to the gasoline station, there are Dog'n Suds and McDonald's stands, the Key Club and a Howard Johnson restaurant. A quarter of a mile north of the intersection an area has been rezoned for a shopping center. In the Stratford Aire Subdivision north of Route 150 and east of University there have been no reclassifications since 1948. In that area, however, there are four commercial, nonconforming uses, viz.: a grocery store, an auto service station, a nursery stock retail outlet and a florist shop.

The evidence also disclosed that the traffic at the intersection had increased since 1956; that traffic there is now controlled by traffic signals; that there is no service station on the north side of Route 150 for distances of eight miles east and west of the intersection; that a service station is located on University north of the highway, but on the west side of the avenue; and that a service station at the northeast corner of the intersection would be convenient for motorists generally, as well as for those residing in Stratford Aire.

The evidence was conflicting as to whether a service station at that location would or would not create a hazard for pedestrians. There was no evidence relating to the value of any of plaintiffs' properties and there are no facts in the record showing any special damage to any of such properties, attributable to rezoning of the Hibser tract.

Plaintiffs-appellants contend that the ordinance violates the due process and equal protection provisions of the State and Federal Constitutions, and particular-

ly that the action of the county board in adopting the ordinance was arbitrary, capricious and unreasonable.

It is elementary that there is a presumption in favor of the validity of a zoning ordinance and one assailing it must prove by clear and affirmative evidence that the ordinance is arbitrary, capricious and unreasonable. Fifteen Fifty North State Bldg. Corp. v. Chicago, 15 Ill.2d 408, 417, 155 N.E.2d 97; Jacobson v. City of Evanston, 10 Ill.2d 61, 69, 139 N.E.2d 205. The same presumption applies to an amendatory or rezoning ordinance and the validity of such an ordinance must be determined by the same rules and tests as those applied in ascertaining the validity of an original ordinance. Bohan v. Village of Riverside, 9 Ill.2d 561, 566, 138 N.E.2d 487; Kinney v. City of Joliet, 411 Ill. 289, 293, 103 N.E.2d 473. Where there is room for a legitimate difference of opinion concerning the reasonableness of the classification effected by the ordinance, or an amendment thereto, or such is fairly debatable, the courts will not interfere with the legislative judgment. Wehrmeister v. County of Du Page, 10 Ill.2d 604, 610, 141 N.E.2d 26; Kinney v. City of Joliet, 411 Ill. 289, 296, 103 N.E.2d 473.

It is contended that capricious and arbitrary action by the board was manifested by its adoption of an ordinance so vague, indefinite and uncertain that it cannot be ascertained whether the words "service station" refer to a gasoline service station or some other service station activity, and whether the restrictions prescribed apply to any of the 66 other uses permitted under the commercial classification. Plaintiffs were not misled or prejudiced by these alleged uncertainties. They made The Texas Company a defendant and alleged that Hibsers had leased the property to that company to operate a gasoline station and almost all of the evidence presented pertained to the operation of a gasoline filling station

220

upon the property. One of the plaintiffs, a realtor who was called as one of their three witnesses and who had attended the hearing before the Zoning Board, testified concerning his objections to a gasoline filling station on the tract, but said that there are many commercial operations that can be good for an area and could even be community assets. In their briefs plaintiffs also complain that the ordinance provides no safeguards against the dangers of fire in connection with gasoline filling stations. Obviously plaintiffs' resistance to this ordinance was based upon the proposed use of the property for a gasoline service station and no other. We are satisfied that all parties and the county board understood the precise use contemplated for this property. While the entire proceedings were conducted on contemplated usage for a gasoline service station, the restrictions prescribed are clearly applicable irrespective of the use made of the property. Any uncertainty relative to the purpose of the purchase of the strip of land off the west side of the property has been resolved by the actual purchase of the strip by the State in order to widen University Avenue. We find no uncertainty in the provisions of the ordinance including the restrictions thereby imposed upon the property rezoned, which would impair the validity of the ordinance.

Plaintiffs also suggest that the ordinance provides no method of enforcing the restrictions imposed upon the property and that the ordinance is void because it fails to provide safeguards for lives and properties within the area against fire and explosion of gasoline, inflammable and explosive chemicals. These suggestions are necessarily speculative. If the owners and operators of the service station fail to comply with the restrictions or to store combustibles properly, such wrongs may be corrected when they occur, but it cannot be assumed on this review that they will occur.

The storage of gasoline or other like volatile combustibles at the proposed service station will be governed by the same rules and regulations and penalties applicable to all other service stations similarly situated in the State of Illinois, and no reason appears why the restrictions cannot be enforced under the usual rules governing covenants running with the land. These suggestions afford no lawful basis for declaring the ordinance invalid or void.

Plaintiffs strenuously urge that the tract rezoned should be considered as a part of the territory north and east of the intersection and that they had a right to rely on the continuance of its residential classification. This same contention was made in Bohan v. Village of Riverside, 9 Ill.2d 561, 138 N.E.2d 487. At page 567, the Court said: "Although plaintiffs have a right to rely upon the classification of property and that classifications will not be changed unless required for public good . . . , they also acquired their property knowing amendments could be made to the ordinance within the limits of the law." In the instant case, plaintiffs also should have known that all four corners at the intersection in question had originally been zoned commercial, that the south line of the tract rezoned abuts land which remains zoned commercial, and that the tract rezoned is not within the limits of their city or subdivision. This tract is more a part of the intersection than of the Stratford Aire territory. It is apparent that the Hibser tract does not take its character from the residential zones of Stratford Aire, but rather from the commercial zone adjoining it and the similar zones it faces across the intersecting thoroughfares. The rezoning effected by this ordinance merely carries out uniformity of commercial zoning of areas adjacent to the intersection. The facts here are not comparable with

those in Kennedy v. City of Chicago, 11 Ill.2d 302, 142 N.E.2d 697, cited by appellants. In that case there were no commercial uses or buildings in the area of the lots involved, and the trial court had granted relief upon a master's findings and recommendations which were contrary to the zoning classification prescribed by the ordinance.

Plaintiffs also contend that rezoning by amendment of the original ordinance rather than by application for a variance deprived them of due process. The county's authority to regulate zoning is derived from "An Act in relation to county zoning," approved June 28, 1935. Section 3.1 of the Act provides two methods of varying the application of zoning regulations in cases where there are practical difficulties or particular hardship in the way of carrying out the strict letter of any of the regulations relating to the use of land. One method is by action of the board of appeals in accordance with provisions made by the county board, and the other method is by ordinance or resolution of the county board following a report by the zoning board based upon a public hearing held after at least 15 days' published notice. The county board is also authorized by section 5 of the Act to amend from time to time the ordinance creating use districts after that ordinance has gone into effect, but no such amendment may be made without a hearing before the zoning board of appeals after at least 15 days' published notice. In Traders Development Corp. v. Zoning Board of Appeals of Peoria County, 20 Ill.App.2d 383, 389, 156 N.E.2d 274 we concluded that we had authority to pass upon the validity of the Peoria County Zoning Ordinance, and recognized the two-fold function of the zoning board of appeals, one in which it acts in a quasi judicial capacity as a reviewing administrative agency, and the other in

which it acts as a legislative committee in an advisory capacity for the county board.

In the instant case the county board amended the original ordinance pursuant to the provisions of section 5 of the County Zoning Act. The zoning board conducted a hearing at which plaintiffs were represented. In its report to the county board the zoning board showed that University Avenue was to be widened into a four-lane highway by the State; that the Hibser premises had depreciated in value as residential property, because of the increase of traffic on Route 150 combined with the growth of commercial developments in the nearby area; that there is a need for a service station at the location to serve automobiles traveling west of the route; that the values of residential property in the area would not be depreciated; and that the public interest would be served by the granting of the requested rezoning and would be in accord with the objectives of the County's Zoning Ordinance. The board recommended that the prayer of Hibsers' petition be granted, subject to the restrictions mentioned. Although plaintiffs filed a protest with the board of supervisors, that board obviously believed that the changes which had occurred in the area since its refusal to reclassify the property in 1955 warranted rezoning, and that rezoning the Hibser tract from residential to commercial was reasonable and proper. In view of the commercial zoning on the other three corners of the intersection, no reasonable basis of public welfare suggests itself for the restricted zoning on the corner of the intersection where Hibsers' land is found. Krom v. City of Elmhurst, 8 Ill.2d 104, 112, 133 N.E.2d 1. In our opinion the facts and circumstances presented in the instant case made rezoning by amendment a more appropriate procedure than application for a variance, and since the zoning board

224

and the county board acted under the authority and in the manner provided by section 5 of the County Zoning Act, plaintiffs' contention that they were deprived of due process has no merit.

Applying the principles announced in the cases mentioned above to the facts in the instant case, we are of the opinion that the trial court correctly found and declared that the rezoning ordinance is a valid ordinance and that plaintiffs failed to establish that the ordinance is void, unconstitutional, or otherwise illegal or improper. We are also of the opinion that the trial court properly dismissed plaintiffs' complaint for injunctive relief because the rezoning ordinance is valid and because plaintiffs failed to prove any special damage or threatened damage to any of their properties attributable to such rezoning. Garner v. County of Du Page, 8 Ill.2d 155, 133 N.E.2d 303. Accordingly the judgment and decree of the Circuit Court of Peoria County should be and they are affirmed.

Affirmed.

DOVE and SPIVEY, JJ., concur.