Walter E. Walz, et al., Plaintiffs-Appellants, v. Traders Development Corporation, an Illinois Corporation, and The City of Peoria, a Municipal Corporation, Defendants-Appellees.

Gen. No. 66–63.

Third District.

March 9, 1967.

Leiter, Newlin, Fraser, Parkhurst & McCord, of Peoria, for appellants.

Swain, Johnson & Gard, and Max J. Lipkin, of Peoria, for appellees.

CORYN, J.

This is an appeal by plaintiffs from a judgment of the Circuit Court of Peoria County affirming, in a declaratory judgment proceeding, the validity of zoning ordinance #8002, of defendant, City of Peoria, which rezoned the property of defendant, Traders Development Corporation, from R–1 low density residential district to C–3 general commercial district. Traders' property consisted of approximately thirty-two acres located at the northwest corner of the intersection of Lake Avenue with Sheridan Road in Peoria. Plaintiffs are owners of four residential properties located on the east side of Sheridan Road directly across the street from Traders' property.

Traders filed a petition with the Peoria Planning Commission requesting rezoning of this property, their stated purpose being to develop a shopping center. The Planning Commission, after a public hearing, voted to deny the request for rezoning. The matter was then presented to the City Council of Peoria, and on June 22, 1965, the City Council granted the rezoning by adopting ordinance #8002. Plaintiffs then filed this declaratory judgment action in the Circuit Court. Pursuant to stipulation of all parties, the matter was submitted for decision on the pleadings and designated portions of the evidence and exhibits produced at the hearing before the Planning Commission. This evidence indicates that all four corners of the intersection of Lake Avenue with Sheridan Road are presently zoned and being used for commercial purposes. Traders' property does not include the northwest corner of this intersection, but Traders' property surrounds this corner with substantial frontage on Lake Avenue and on Sheridan Road. Immediately across Lake Street to the south from Traders' property is located the Sheridan Village Shopping Center, a commercially zoned regional type shopping area. Immediately west of Traders is the Peoria Pleasure Driveway and Park District, a community activity center which includes a swimming pool, ice skating rink, theatre, and an art and science center. Immediately north of this community activity center is a 40-acre tract known as Northland Shopping Center, which is zoned and used for commercial purposes. Traders owns the property immediately to the north of the property that is the subject of this zoning dispute, which property extends to Glen Avenue. The intersection of Glen Avenue with Sheridan Road is zoned and used for commercial purposes.

At the hearing before the Planning Commission, plaintiffs, in addition to their own written objections, filed objections signed by 125 residents of the area. Traders filed written consents to the zoning signed by 285 resi-

388

dents of the area. Walter E. Walz, one of the plaintiffs, testified that he and the other plaintiffs are opposed to the rezoning request because they feel that the proposed shopping center would cause additional traffic on Sheridan Road and would depreciate the value of their homes. Donald C. McDonald, a witness for the plaintiffs and a local realtor, testified that plaintiffs' residential properties would depreciate some twenty to twenty-five percent if the shopping center were constructed. On cross-examination, McDonald admitted that some depreciation had already occurred because of the increased traffic on Sheridan Road caused by the Sheridan Village Shopping Center. He further admitted that homes in the area constructed or sold in 1946 for $10,500 were now selling for approximately $18,000.

A traffic study was submitted to the Planning Commission by Traders in compliance with the rules of said commission, and the County Superintendent of Highways, after reviewing this traffic study, testified that in his opinion the present highway facilities could handle the increased traffic that was anticipated because of the construction of the proposed shopping center. Traders presented to the Planning Commission an economic feasibility study, which incorporated an artist's conception of the proposed shopping center, a plot plan showing the location of the proposed buildings and parking area, a detailed study of the need for such a development, and an analysis of its likelihood of success. This study concluded that existing retail facilities now serving that trade area were grossly inadequate for the needs of the residents and that the proximity of the Traders' site to the Sheridan Village Shopping Center made it desirable and logical for commercial development, and that these shopping centers would complement one another and provide "maximum convenience and allow buyers a better opportunity for comparison shopping." The proposed shopping center would be mall type, consist

of 300,000 square feet of floor space, and would cost approximately three and one-half million dollars.

The subject property was acquired by Traders in 1950 and is undeveloped at the present time. Henry Welch testified that the proximity of homes in Knollcrest Subdivision, a residential area immediately east across Sheridan Road from the Sheridan Village Shopping Center, had not affected the salability of these homes. Norma Orndorff, whose home in Knollcrest Subdivision abuts Lake Avenue, opined that the development of Traders Shopping Center would enhance her enjoyment of the area and might enhance the value of her property. Other testimony and exhibits were presented to the trial court in addition to that summarized hereinabove.

Ordinance #8002, granting the requested rezoning, provided that the zoning was conditioned upon Traders dedicating for right-of-way purposes a ten-foot strip of land on that part of Traders' property adjacent to Lake Avenue, and required Traders to execute and record a declaration of restrictions which limited the use of its land to an integrated commercial shopping center requiring a fifty-foot buffer strip on the west and north sides of the shopping center, and a forty-foot buffer strip along the south side of the shopping center.

There is a presumption in favor of the validity of a zoning ordinance, whether amendatory or the initial zoning ordinance, and those attacking the validity of such ordinances, as plaintiffs are here, must prove by clear and affirmative evidence that the ordinance is arbitrary, capricious, and unreasonable. Stratford Aire Ass'n v. Hibser, 26 Ill App2d 214, 167 NE2d 586. In LaSalle Nat. Bank v. County of Cook, 12 Ill2d 40, 145 NE2d 65, the Supreme Court stated that in determining the reasonableness or unreasonableness of a zoning ordinance, the following facts and circumstances should be considered: "(1) The existing uses and zoning of nearby

property, (2) the extent to which property values are diminished by the particular zoning restrictions, (3) the extent to which the destruction of property values of plaintiff promotes the health, safety, morals and general welfare of the public, (4) the relative gain to the public as compared to the hardship imposed upon the individual property owner, (5) the suitability of the subject property for the zoned purposes, and (6) the length of time the property has been vacant as zoned considered in the context of land development in the area in the vicinity of the subject property." Courts will not interfere with legislative judgment where the issue of the reasonableness of a zoning classification effected by an ordinance is fairly debatable. Stratford Aire Ass'n v. Hibser, supra.

■■■■■■ As in most zoning cases, there is no conflict in the evidence regarding existing physical facts, but there is conflict in the opinion evidence of the various landowners, nearby residents, realtors, engineers, developers and architects. Substantial commercial and recreational facilities already exist in the vicinity of the intersection of Sheridan Road and Lake Avenue. Whether the creation of Traders Shopping Center will diminish the residential use and depreciate the value of plaintiffs' homes on Sheridan Road is fairly debatable. Traders' property has remained vacant for many years, and its location is suitable for the development of a shopping center. Whether the public will gain from such a development, again, is debatable. This case was tried by the trial court, without a jury, and therefore it was the function of the trial court to weigh this evidence, and to draw inferences and conclusions therefrom, and these findings of the trial court will not be disturbed on review, unless contrary to the manifest weight of the evidence. LaSalle Nat. Bank v. County of Cook, supra. It seems clear to us that the determination of the trial court that Ordinance #8002 "is not ar-

bitrary, unreasonable and discriminatory, but that the same is legal, valid and constitutional" is supported by the evidence, insofar as plaintiffs here are concerned. Accordingly, the judgment of the Circuit Court of Peoria County is affirmed.

Affirmed.

STOUDER, P. J. and HOFFMAN, J., concur.