THE CITY OF JOLIET, Plaintiff-Appellant, *v.* EUGENE BRUCK *et al.,* Defendants-Appellees.

(No. 72-229; 

Third District—May 21, 1973.

James M. P. D'Amico, of Joliet, for appellant.

Britt Barr, of Joliet, for appellees.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

This is an appeal by the City of Joliet from an order of the circuit court of Will County granting the motion of defendants Eugene Briick and Herbert Briick to dismiss the complaint of the City. The complaint charged that defendants were operating a food store in the City of Joliet without first obtaining a permit in accordance with the city ordinance which required that a valid permit issued by the designated health authority be first obtained.

The City of Joliet had enacted an ordinance prohibiting the operation of a "food store" in the city by any person not in possession of a valid permit issued to him by the county health authority. The requirements of the ordinance specified that an inspection of the proposed food store

premises by the appropriate health authority was required to determine whether the store was in compliance with the health and cleanliness requirements imposed by the ordinance. The complaints which are very brief, simply alleged that defendants were operating a food store without a valid permit in that they "failed to procure a valid permit from the Will County Health Department as a requirement to the issuance of a permit to operate a food store in the City of Joliet, Illinois * * * in violation of Ordinance Section 13—38 of the Ordinances of the City of Joliet and against the peace and dignity of the Citizens of Joliet." In defendants' motion to dismiss the City's complaint, they asserted (1) that the ordinance was invalid as applied to defendants' food store because the Meat and Poultry Inspection Act of the State of Illinois, Ill. Rev. Stat. 1971, ch. 56½, § 3301 *et seq.*, had pre-empted for the State or Federal Government, the regulation of the establishment and licensing thereof; (2) that the State had not delegated to municipalities, the power to inspect, license and regulate businesses primarily engaged in the wholesale sale, manufacturing and processing of meats and poultry, and that only a fractional part of the defendants' total business was retail; and (3) that the City's refusal to issue a permit to defendants, even though they were in compliance with all State regulations, was an arbitrary and unreasonable exercise of the City's police power. The motion filed by defendants was not verified. As we have indicated, the trial court granted the motion to dismiss.

It is first contended by the City of Joliet that the granting of the motion was improper because, for the purpose of evaluating the motion, all well-pleaded facts are to be taken as true and that the motion is to be regarded as testing the sufficiency of the complaint as a matter of law. It is asserted that material issues of fact existed with respect to (1) the type of business in which defendants were engaged, (2) whether defendants' business was of a type which may be licensed by the State or Federal governments, and (3) whether defendants in fact are licensed by the State or Federal governments.

An examination of the City ordinance and state legislation is essential to an understanding of the issue before us in this case. The state legislation involved in Ill. Rev. Stat. 1971, ch. 56½, § 1302(e) provides that agencies of the State or Federal governments may license premises where animals or poultry, or both, are slaughtered or otherwise prepared for food purposes. Municipalities are pre-empted from licensing such establishments under Section 304(a) of the Act. The Act, however, does provide in such section that the Meat and Poultry Inspection Act "does not prohibit any city, village, or incorporated town from enactment or enforcement of ordinances establishing a system of continuous meat and

poultry products inspection, provided such ordinances establish a system at least equal to State inspection." It is further provided that "recognition is extended to the various municipal inspections departments now in existence or which may be inaugurated within the State." Such State Act in Section 304(b) provides, however, that "a copy of each municipal ordinance including any amendments, shall be forwarded by the municipality to the [State]. If such ordinances provide a system of inspection at least equal to State inspection, the ordinance shall prevail in lieu of the State inspection system." The remainder of Section 304(b) provides the means by which the State is to determine whether the municipal system complies with the condition imposed in such section. A further section, 304(c), specifies the quality of recognition which would be accorded to the municipal system, "when a system of municipal inspection is approved by the [State]."

■■ From the State Act, it is apparent that a municipal system of inspection is accorded recognition, subject to the pre-emption principles outlined, only upon fulfillment of the condition that the municipality seeking such recognition complies with the provisions of section 304(b) and, also, obtains approval as shown in section 304(c). Presumably, the mere existence of a municipal inspections system does not automatically accord to it recognition, but it must be "approved" before there is such recognition.

■■■ An examination of the very brief record and the brief complaint in this case indicates that the contention of the City of Joliet on appeal is well taken in its assertion that a material issue of fact is presented concerning the nature of defendants' business, and the applicability of the ordinance to that business under the provisions of Section 304 (Ill. Rev. Stat. 1971, ch. 56½, § 304). It is clear that for the purpose of testing the sufficiency of the city's complaint, an unverified motion to dismiss could not eliminate the factual issues. Defendants apparently attempt to assert that the ordinance was inapplicable to defendants as a matter of law, simply because they were subject to the licensing apparatus of a federal or state agency. To establish such contention for the record, defendants would be required to comply with section 48(1) of an Illinois Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, § 48(1)). Defendants in such event are required to supply the factual allegations by the prescribed affidavit in conformity with Illinois Supreme Court Rule 191 (Ill. Rev. Stat. 1971, ch. 110A, § 191). If facts justifying a dismissal were not then controverted by the city, a situation authorizing dismissal could have been shown.

■■ It is clear that a municipality, under some conditions, may be authorized to regulate food stores. The complaint alleges that defendants

were operating a food store and it is also asserted by the city that an admission was made by an attorney representing the defendants on oral argument before the trial court, that defendants were in fact operating a retail food store in the city of Joliet. We have noted that, by the terms of the State Act, Ill. Rev. Stat. 1971, ch. 56½, § 304(a), a municipal corporation may enact an ordinance establishing a system of meat and poultry inspection as to retail food stores within the municipal limits. A city ordinance is likewise presumed to be valid. (*Kinney v. City of Joliet*, 411 Ill. 289, 103 N.E.2d 473.) In the state of the pleadings in the trial court, therefore, the trial court should have presumed the validity of the ordinance, since there was no affirmative verified statement showing that the ordinance was deficient in any respect. Defendants did not establish, by affidavit or otherwise, that the ordinance was not properly adopted as specified in the State Act authorizing municipal legislation through action of the municipal legislative authority followed by approval by the State. As the record stands, the trial court should have denied the motion to dismiss, since it is clear that a municipality may enact ordinances which may be applicable to retail food stores if such ordinances are enacted in accordance with the directions contained in the State Act and not otherwise inapplicable to defendants by the terms of Section 304(a) referred to.

All the issues to which we have referred may be raised in actual trial and hearing of this cause in the trial court. For the reasons stated, therefore, the order of the Circuit Court of Will County is reversed and cause is remanded to such court with directions to deny the motion to dismiss the appeal and to proceed in this cause in accordance with the views expressed in this opinion.

Reversed and remanded.

DIXON and SCOTT, JJ., concur.