ROBERT ORSOLINI et al., Plaintiffs-Appellants, v. ZONING BOARD OF APPEALS OF CHICAGO et al., Defendants-Appellees.

First District (3rd Division)  No. 76-614

Opinion filed March 8, 1978.

Ronald S. Cope, of Ancel, Glink, Diamond & Murphy, P. C., of Chicago, for appellants.

William R. Quinlan, Corporation Counsel, of Chicago (Daniel Pascale, Richard F. Friedman, and Henry Phillip Gruss, Assistant Corporation Counsel, of counsel), for appellees.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

The Zoning Board of Appeals of Chicago denied plaintiff's application to use his welding shop as a lawful existing nonconforming use. Plaintiff brought an administrative review action in the circuit court of Cook County and the trial court entered judgment affirming the board's decision.

The subject premises are located at 2106 West Superior Street in Chicago in an area zoned R-3 Residential. Plaintiff's property consists of a two-story factory building with a vacant lot on either side. Prior to the commencement of plaintiff's welding business in 1968, the premises had been used for the manufacture and bottling of soft drinks pursuant to a variation granted the former owners in 1938. Both of these uses fall within the C1-1 zoning classification which permits "Any Production, Processing, Cleaning, Servicing, Testing or Repair of Materials, Goods, or Products, subject to the conditions imposed under 9.3—1A." (Chicago Zoning Ordinance, Municipal Code of Chicago 1976, ch. 194A, par. 9.3—1(B).) The aforementioned condition reads: "All business, servicing or

processing—except for off-street parking or loading—shall be conducted within completely enclosed buildings * * *." Chicago Zoning Ordinance, Municipal Code of Chicago, ch. 194A, par. 9.3—1A(4).

On January 2, 1974, plaintiff was served with a notice from the building department to discontinue the use of the premises as a welding business. Plaintiff's subsequent application to establish a welding shop in the existing building was denied by the zoning administrator. He thereafter appealed to the board.

At the hearing before the board, plaintiff appeared on his own behalf. He testified that some welding was done in the shop on the premises, but that the major part of his work was performed on location at the customer's place of business. His hours of operation are from 8:30 a.m. until 4:30 or 5 p.m. on weekdays and one-half day on Saturday.

Several of plaintiff's neighbors testified on his behalf. Mr. Tedoresko testified regarding several improvements made by plaintiff and was of the opinion that plaintiff was "good for the neighborhood." Carol Buciak, a resident of the block and a member of the Pros Neighborhood Association, presented the board with a resolution passed by the organization which commended plaintiff's efforts to improve his property and which favored the continuance of his operations. She also presented the board with a notarized petition signed by 41 residents of the neighborhood consenting to the continued use of plaintiff's premises as a welding shop. Two other residents, including plaintiff's next door neighbor, testified on his behalf.

Alderman Stanley M. Zydlo testified in opposition to plaintiff's application. He presented the board with an unsworn petition signed by 20 neighborhood residents opposing the continuance of plaintiff's operations. The petition listed several reasons in support of its position. Among them were a decline in property values, the danger posed to neighborhood children resulting from plaintiff's trucks being parked on the street, the traffic congestion caused thereby, and the long and late hours of plaintiff's operation. The petition was accompanied by two photographs depicting a bus and several trucks parked on Superior Street. Plaintiff subsequently stated that the bus was owned and used by him as a recreational vehicle for camping. The alderman also produced a letter written by a neighborhood resident complaining about the noise of plaintiff's operations and about the fact that plaintiff brings welding equipment out onto the street to repair trucks.

Both sides agree that section 6.4—7 of the Chicago Zoning Ordinance is application to the present case. In pertinent part, that section provides:

"Change of Use in Non-Conforming Building. The non-conforming use of a building or structure, all or substantially all of

which is designed or intended for a use not permitted in the district in which it is located, may be changed to a use permitted in the same district as the non-conforming use, which presently, occupies the building or structure or to a use permitted in a more restrictive district * * *."

Plaintiff's building, a factory building in an area zoned residential, qualifies as a nonconforming structure. It is also undisputed that its previous use as a bottling plant and plaintiff's welding shop fall within the uses permitted under a C1-1 classification. Therefore, it would appear that, according to the language of the ordinance, the welding shop would be a permissible substitution for the bottling plant.

Defendants, however, rely on the decisions in *Dube v. City of Chicago* (1955), 7 Ill. 2d 313, 131 N.E.2d 9, *cert. denied* (1956), 350 U.S. 1013, 100 L. Ed. 873, 76 S. Ct. 658, and *Wechter v. Board of Appeals* (1954), 3 Ill. 2d 13, 119 N.E.2d 747, to support the board's decision. In both cases, the court held that merely because both the previous and present uses fall within the same general classification does not necessarily mandate a finding that they are identical for the purposes of granting a nonconforming use status. Defendants maintain that the traffic problems and plaintiff's work outside the property constitute an intensification of the use, thus warranting the finding that the welding shop was an impermissible substituted use. *Dube* and *Wechter* are distinguishable from the instant case, however, by reason of the fact that both cases were decided under section 19(E) of the Chicago Zoning Ordinance of 1942 which provided: "A non-conforming use shall not be substituted for or added to another nonconforming use." This section required that the substituted use be literally identical to the prior nonconforming use. In contrast, section 7.4—7 of the present ordinance clearly permits the substitution of a similar, though not identical, use as long as it falls within the same or a less intensive zoning classification. In the present case, once plaintiff established that both the bottling plant and his welding shop were classified C1-1, his premises were entitled to nonconforming use status.

In *Dockstader v. Hartnett* (1972), 8 Ill. App. 3d 26, 288 N.E.2d 720, plaintiff proposed to conduct an auto repair and storage business in a nonconforming building formerly used for the manufacture of plastic pellets. Both uses fell within the same zoning classification. In affirming the trial court's reversal of the Zoning Board of Appeal's denial of plaintiff's application, this court stated at page 30:

"It appears that the intent of the subsection is to permit the lawful change of one non-conforming use to another non-conforming use so long as the latter use is no less restrictive (or

> phrased differently, no more intensive) than the former non-conforming use."

Once it is established that the former and present uses meet the single requirement of section 6.4—7, that is, falling within the same zoning classification, nonconforming use status should be granted.

Even accepting defendants' interpretation of section 6.4—7, that plaintiff's work outside the factory enclosure and any traffic problems his work caused were an intensification of the original use, no competent evidence was introduced to demonstrate such facts or to warrant a finding that the welding shop was an impermissible substituted use. In their brief defendants rely heavily for the contention that welding work was done on the premises outside the building on plaintiff's testimony at the hearing that the biggest part of his work "was actually done on the outside." At oral argument defendants' counsel conceded that plaintiff was not referring to actual welding done on the premises but to welding done at his customers' places of business. Plaintiff's statement thus lends no support to defendants' position. The documents presented by the alderman were the only other evidence presented and likewise cannot serve as a basis for the board's decision. The facts alleged therein were susceptible of proof by persons who presumably were available at the time of the hearing. Without any testimony from those who had personal knowledge of the facts, these documents were purely hearsay, and, under the circumstances, did not support a finding that plaintiff was in violation of section 9.3—1A(4). See *People ex rel. Banks v. Robinson* (1975), 35 Ill. App. 3d 16, 341 N.E.2d 26.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed.

Judgment reversed.

SIMON and McGILLICUDDY, JJ., concur.