DAVID G. MURPHY *et al.* Appellants, *vs.* THE CHICAGO, ROCK ISLAND AND PACIFIC RAILWAY COMPANY *et al.* Appellees.

*Opinion filed December 21, 1910.*

1. MUNICIPAL CORPORATIONS—*city has power to pass track elevation ordinance.* A city has authority, under its police power, to pass an ordinance requiring the elevation of railroad tracks within its limits, and, having the power, the city council is limited in its exercise only to the extent that the ordinance be reasonable.

2. SAME—*whether or not an ordinance is reasonable is question for the courts.* Where power is given to a city council to legislate on any subject, though the details of legislation may be left to the discretion of the council, such discretion must be reasonably exercised, and if the ordinance passed is claimed to be unreasonable, the courts have power to determine that question and declare the ordinance invalid on that ground.

3. SAME—*a track elevation ordinance is a legislative act even though it may become a contract.* In maintaining and controlling the use of its streets and alleys and the maintenance and operation of railroads upon and over them a city exercises a governmental function, and an ordinance granting authority for such purpose and fixing the rights and liabilities of the railroad companies is a legislative act, even though it may by the act of the railroad companies also become a contract.

4. SAME—*equity will not interfere with a city's discretionary power over streets unless such discretion is abused.* A city may do anything with its streets not incompatible with the end for which streets are established, and a court of equity has no jurisdiction to interfere with an exercise of a city's discretionary power in regard to its streets unless it is being unreasonably exercised.

5. SAME—*track elevation ordinance not invalid because not the best that might be devised.* It is not essential to the validity of a track elevation ordinance that the plan for elevating the tracks, making subways and securing, protecting and preserving the public safety shall be the best that could be devised, and it is sufficient if it is not unreasonable, even though some other plan might be considered a better one.

6. SAME—*ordinance cannot be impeached by inquiry into motives of members of city council.* An ordinance passed by a city council, in the exercise of the legislative powers conferred upon it, for the purposes of police regulation or municipal government, cannot be impeached by an inquiry into the motives of the members of the city council, and if the ordinance is within the legislative power of the council, courts cannot declare it invalid on account of improper motives which induced its passage.

7. INJUNCTION—*equity will not enjoin track elevation improvement because the complainant sustains a special injury.* A court of equity will not enjoin the prosecution of a track elevation improvement upon the ground the complainant has sustained a special injury respecting the depreciation in value of his business and property due to such improvement, since if he has sustained a special injury such as entitles him to damages he may recover them in a court of law.

APPEAL from the Circuit Court of Will county; the Hon. FRANK L. HOOPER, Judge, presiding.

EDDY, HALEY & WETTEN, (P. C. HALEY, of counsel,) for appellants.

SNAPP & HEISE, and O'DONNELL, DONOVAN & BRAY, (M. L. BELL, of counsel,) for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

The appellants filed their bill in the circuit court of Will county, the object of which was to enjoin the appellees, the Chicago, Rock Island and Pacific Railway Company and

the Michigan Central Railroad Company, from obstructing Joliet street, in the city of Joliet, or interfering with the public use of and free right of passage over such street, except to the extent of the maintenance of a grade crossing of the street with the main tracks of the Chicago, Rock Island and Pacific Railway Company. A demurrer to the bill was sustained and the bill was dismissed for want of equity. The complainants appealed, the validity of a municipal ordinance being involved and the trial judge having certified that in his opinion the public interest required an appeal to be taken directly to this court.

It appears from the bill that the city council of the city of Joliet passed an ordinance requiring the elevation of the tracks of six railroad companies, including the appellees, through that city. The appellants, severally, are the owners of property fronting on Joliet street a short distance north of the crossing of the Chicago, Rock Island and Pacific railroad. The ordinance vacates a part of Joliet street, extending south about 210 feet from a point a short distance south of the appellants' properties. The bill contains a description of the topography of the city of Joliet, its thoroughfares and lines of public travel, its business and residence districts, the situation of its churches and schools, all with reference to the appellants' property, showing the inconvenience and loss of business to which they will be subjected and the deterioration in value of their property by reason of the closing of Joliet street in the manner authorized by the ordinance. It is alleged that the passage of the ordinance was an abuse of power on the part of the council and that there was no necessity for the vacation of Joliet street; that the ordinance is, in fact, not a legislative act of the council but a contract with the railroad companies. In regard to the passage of the ordinance it is alleged that the "Chicago, Rock Island and Pacific Railway Company, one of the parties defendant hereto, conspired with other railway companies and corporations of the city

of Joliet to be benefited by said ordinance, in order to influence favorable action to the said corporation aforesaid and to secure the passage of the said so-called ordinance, and thereby obtain great benefit and advantage to themselves at the expense of the general public of Joliet, and particularly to the expense and great loss and injury of your orators and oratrices, then and there entered into an agreement with the members of the said city council, and each of them, to furnish them free transportation through the State of Illinois upon the line of the said Chicago, Rock Island and Pacific Railway Company's road and free transportation by way of what is known as monthly commutation tickets good between the city of Joliet and city of Chicago, said tickets having numbers upon them from 1 to 60, representing sixty rides and good for the month in which they were issued, which said tickets have a standard value to the general public of $10 per month, and that said tickets were supplied, from time to time, for a long period of time thereafter; that the said free transportation and the said commutation tickets were things of great value, commercially and otherwise, and that the said tickets and the said transportation did, in fact, as evidenced by the results of the subsequent vote upon the passage of the said unlawful supposed ordinance No. 2219, or contract, such as it is, effect its consummation and its passage." The appellants' contention is that the ordinance is absolutely void.

The terms of the track elevation ordinance in question do not differ in essential respects from those involved in the cases of *Weage* v. *Chicago and Western Indiana Railroad Co.* 227 Ill. 421, *People* v. *Grand Trunk Railway Co.* 232 id. 292, *City of Chicago* v. *Pittsburg, Cincinnati, Chicago and St. Louis Railway Co.* 244 id. 220, and *People* v. *Atchison, Topeka and Santa Fe Railway Co.* 217 id. 594. The power of the council to pass such an ordinance is not an open question nor is the source of its authority doubtful. It is from the police power that the council gets its

right. Having the power, the council is limited in its exercise only by the requirement that the ordinance shall be reasonable. Where power is given to the city council to legislate on any subject, though the details of legislation may be left to the discretion of the council, such discretion must be reasonably exercised. If an ordinance passed by the council is unreasonable it will be declared invalid, and whether or not it is unreasonable is a question for the court. (*City of Lake View* v. *Tate*, 130 Ill. 247; *City of Chicago* v. *Pittsburg, Cincinnati, Chicago and St. Louis Railway Co. supra.*) In regulating and controlling the use of the streets and alleys within its limits and the maintenance and operation of railroads upon and over them, the city is in the exercise of a governmental function. An ordinance granting authority for such purpose and fixing the rights and liabilities of the railroad companies is a legislative act, even though it may by the act of the companies become also a contract. (*People* v. *Chicago Telephone Co.* 245 Ill. 121; *Roby* v. *City of Chicago,* 215 id. 604.) A city may do anything with its streets not incompatible with the end for which streets are established, and, where exercising its discretionary power in regard to them, a court of equity has no jurisdiction to interfere unless the power or discretion is being manifestly abused to the oppression of the citizen,—that is, is being unreasonably exercised. *City of Mt. Carmel* v. *Shaw,* 155 Ill. 37.

The bill states that the passage of the ordinance was an abuse of power for the reason that there was no necessity for the vacation of Joliet street. This is only the statement of the pleaders' conclusion. The facts stated show that inconvenience will result to the appellants and their tenants; that probably their business will be much diminished and their property will greatly depreciate in value. These circumstances, alone, do not even tend to show that the ordinance is unreasonable. Such consequences not infrequently result to some property from the elevation of railroad

tracks, the building of viaducts and the making of other public improvements, but the improvements are not to be suspended on that account at the instance of the owner of the property affected. If damages result of such a character that he is entitled to compensation he may recover such damages, but he cannot call upon a court of equity to stop the improvement. It is not essential to the validity of the ordinance that the plan of elevating the tracks, making subways and securing, protecting and preserving the public safety is the best that could have been devised. It is sufficient if it is not unreasonable though some other plan might be thought to be a better one.

It is said that the members of the council, in the passage of the ordinance, were controlled by a corrupt motive. An ordinance passed by a city council, in the exercise of the legislative powers conferred upon it, for the purposes of police regulation or municipal government, cannot be impeached by an inquiry into the motives of the members of the council who voted for it. If within the legislative power granted to the council, a court cannot declare an ordinance invalid on account of the improper motives which induced its passage. It is a well known rule of law that the knowledge and good faith of a legislature are not open to question and its motives cannot be inquired into. Courts must always assume that the legislative discretion has been properly exercised. (*People* v. *Carlock,* 198 Ill. 150; *People* v. *Thompson,* 155 id. 451; *United States* v. *DesMoines Navigation and Railway Co.* 142 U. S. 510; *Fletcher* v. *Peck,* 6 Cranch, 87; Cooley's Const. Law,—7th ed.—p. 257.) We know of no reason why the same rule should not govern in the case of the exercise of legislative power granted to a city council. (*People* v. *Wieboldt,* 233 Ill. 572; *City of Amboy* v. *Illinois Central Railroad Co.* 236 id. 236; *People* v. *Gardner,* 143 Mich. 104.) The ordinance was a valid exercise of the power of the city council. The motives

·for its passage cannot be inquired into.   No facts are shown which would authorize a court of equity to interfere with its enforcement.   ·   ,

The decree of the circuit court is affirmed.

*Decree affirmed.*