Village of Riverwoods, a Municipal Corporation of Illinois, Plaintiff-Appellant, v. County of Lake, a Body Politic and Corporate of Illinois, Baxter Laboratories, Inc., Chicago Title & Trust Co., as Trustee Under Trust No. 43748, Henry W. Kauke, et al., Defendants-Appellees.

Gen. No. 67–166.

Second District.

April 30, 1968.

Rehearing denied and supplemental opinion
June 21, 1968.

Snyder, Clarke, Dalziel, Holmquist & Johnson, of Waukegan, for appellant.

Bruno Stanczak, State's Attorney, of Waukegan, Earl J. Kruse, Assistant State's Attorney, McClory, Bairstow, Lonchar & Nordigian, of Waukegan, and Kirkland, Ellis, Hodson, Chaffetz & Masters, of Chicago, for appellee.

MR. JUSTICE DAVIS delivered the opinion of the court.

This appeal involves an interpretation of the statute conferring upon counties the power to amend their zoning districts.

The plaintiff, Village of Riverwoods (herein called Riverwoods), sought a declaratory judgment asking, among other things, that a certain zoning amendment, purportedly adopted under the County Zoning Act by the defendant, County of Lake (herein called the County), be declared void and of no effect, and that the statute be declared unconstitutional—at least, as interpreted by the zoning body of the County. The trial court found for the County and upheld the rezoning.

Riverwoods appealed directly to the Supreme Court, and that court transferred the case here. In its order of transfer it stated that in its opinion the appeal did not present a substantial constitutional issue, but only a question of statutory construction and application.

The statute in question is section 5 of the County Zoning Act. (Ill Rev Stats 1965, c 34, par 3158.) It provides that the regulations imposed, and the districts created under the Act may be amended, but that no amendment

shall be made without a public hearing before the Board of Appeals; that at least fifteen days' notice of the time and place of such hearing shall be published in a paper of general circulation in the county; and that hearings for the consideration of general amendments to a county zoning ordinance may be held in the courthouse. With reference to the vote required to pass such an amendment, the statute provides as follows:

". . . In case of written protest against any proposed amendment, signed and acknowledged by the owners of twenty percent of the frontage proposed to be altered, or by the owners of twenty percent of the frontage immediately adjoining or across an alley therefrom, or by the owners of twenty percent of the frontage directly opposite the frontage proposed to be altered, or in cases where the land affected lies within one mile and one-half of the limits of a zoned municipality, by the city council or president and board of trustees of the zoned municipality with limits nearest adjacent, filed with the county clerk, such amendment shall not be passed except by the favorable vote of three-fourths of all the members of the county board."

The above statute relates to notice, public hearing, protest by frontage owners and by the municipality nearest adjacent to the land affected; and the required vote of the County Board for the passage of a zoning amendment. Riverwoods contends that the statute refers to the municipality nearest adjacent to the property which is proposed to be rezoned as described in the petition for rezoning. The County urges that the statute refers to the municipality nearest adjacent to the property which is actually rezoned by the final action of the County Board of Supervisors. The trial court, as well as the County Board, agreed with the contention of the County.

As to the factual background giving rise to the zoning dispute, the defendant, Baxter Laboratories, Inc. (herein

called Baxter), first filed a petition with the Lake County Zoning Board of Appeals, on January 3, 1966. In this petition, Baxter sought to rezone the four adjoining tracts of land, referred to as Tracts 1, 2, 3 and 4, which totaled approximately 140 acres, from Residential to Light Industrial (L–I). The property described in the petition as Tract 1, included all of that land extending westerly to Saunders Road, and the entire property is depicted in the following sketch:

LOCATION SKETCH.

Tracts 1, 2, 3 and 4 are situated between the Villages of Riverwoods and Deerfield. Riverwoods is separated from the southerly portions of the property by Saunders Road—a main thoroughfare—and a certain parcel of land located east of said Road and west of Tract 4. It virtually adjoins the southwest corner of Tract 1 as described in Baxter's petition, and is approximately 427 feet, at its closest point, from Tract 4. The Village of Deerfield lies to the east of the northern portion of the property. At the nearest point, it is approximately 300 feet from the property and is separated from it by the Northern Illinois Toll Road.

Both Villages filed written protests to the proposed Baxter rezoning, and, accordingly, in order for such amendment to be passed, it became necessary that it receive a favorable vote of three-fourths of all the members of the County Board. The Board of Appeals recommended that the petition be denied. The County Board of Supervisors, however, on March 8, 1966, by the required three-fourths' vote, granted the rezoning in part. It rezoned the property L–I, as requested by the petitioner, except for a portion 600 feet in width on the westerly end of Tract 1. This is indicated on the Sketch by the dotted line.

In the meantime, however, the County Board of Supervisors had also, on January 11, 1966, adopted a comprehensive amendment to its original zoning ordinance, which was the result of extensive hearings and planning. Under this amendment, the property described in the Baxter petition and notice—Tracts 1, 2, 3 and 4—was reclassified as O & R (Office and Research). This amendment did not become effective, however, until March 31, 1966.

Thereafter, on May 10, 1966, the County Board of Supervisors adopted a resolution reciting the two proceedings whereby it had recently rezoned part of the premises in question from Residential to L–I, and, thereafter, under the comprehensive amendment, to O & R. Thereby,

it directed the County Zoning Board of Appeals to conduct a public hearing on the petition originally filed by Baxter, for the purpose of considering whether the property should be reclassified from O & R to L–I.

Thus, the premises to be considered by the Zoning Board of Appeals were Tracts 1, 2, 3 and 4—the property as originally described in the petition filed by Baxter. However, the publication notice of the hearing did not contain the complete legal description as set forth in the original petition and in the resolution adopted by the County Board on May 10, 1966, but rather, excepted from the original description of Tracts 1, 2, 3 and 4, the westerly 600 feet of Tract 4.

This discrepancy was called to the attention of the Board of Appeals. The Board determined that it would proceed upon the resolution of the County Board of Supervisors and consider the entire premises. At the hearing, Baxter stated that it did not expect and would not request a rezoning of the 600 feet immediately east of Saunders Road. It is not clear whether Baxter was then referring to the westerly 600 feet of Tract 1, the 600 feet along Tract 4, or the 600 feet adjacent to both of said Tracts. There is also uncertainty as to whether Baxter, the opposing parties, and the Board, in discussing the exception of 600 feet, were talking about the same exception. It is crystal clear, however, from the total discussion of the parties to this proceeding, that no one contemplated the westerly 600 feet of Tract 4 as the exception, in that such exception would remove from the rezoning an area, adjacent to the remaining easterly part of Tract 4 and east of Saunders Road, of from 1,000 to 1,100 feet.

While Baxter did not formally amend its petition, the Chairman of the Board of Appeals acknowledged that it would consider that Baxter had done so, but at the same time he stated that the Board would proceed on the basis of the petition being for all of the four Tracts. The

Chairman, in so doing, stated that its ultimate recommendation to the County Board might be that all of the four Tracts remain O & R, or that a part, or all of them, should be L–I. The Board, thus, proceeded on the theory that it properly had before it for consideration the zoning to be granted to all of the four Tracts.

Riverwoods filed a written protest to the rezoning being sought, but the Village of Deerfield failed to do so. Riverwoods took part in the public hearings. The Board of Appeals then made factual findings regarding the factors which it considered material and it appears that it concluded that Tracts 1, 2, 3 and 4 should be rezoned L–I, except for the westerly 600 feet thereof, which would be retained as a buffer strip and remain in the O & R district. It made such recommendation to the County Board.

On July 12, 1966, the County Board of Supervisors, by less than a three-fourths' vote, voted to rezone Tracts 1, 2, 3 and 4 as L–I, except for the westerly 600 feet of Tract 1, which would remain as O & R.

Thus, the final action of the County Board of Supervisors was initiated by their resolution asking for a consideration of the zoning of the premises as described in the original petition filed by Baxter. Under the Baxter petition, all of Tracts 1, 2, 3 and 4 were brought up for consideration. The property as finally rezoned excepted from Tracts 1, 2, 3 and 4, the westerly 600 feet in width of Tract 1, but the premises described in the publication notice excepted from Tracts 1, 2, 3 and 4, the westerly 600 feet of Tract 4. The County Board of Supervisors, by their action, purported to rezone the westerly 600 feet of Tract 4, although this property was not included in the publication notice.

Illinois courts have held that the statutory provisions for the publication of notice in connection with the amendment of zoning ordinances are within the confines of procedural due process, even though the owners of

land affected do not receive personal notice thereof. Bohan v. Village of Riverside, 9 Ill2d 561, 566, 138 NE2d 487 (1956) ; Braden v. Much, 403 Ill 507, 513, 514, 87 NE 2d 620 (1949). In Lancaster Development, Ltd. v. River Forest, 84 Ill App2d 395, 228 NE2d 526 (1967), at page 400, the court held that the attempts by the Village of River Forest to suspend the operation of its valid zoning ordinance, without compliance with the statutory requirements for amending such ordinance, were null and void. These cases imply that the statutory requirement of notice is jurisdictional. No Illinois cases have been cited, and we have found none which so hold.

We regard the petition which seeks rezoning, or the proposed ordinance or resolution of amendment, as the procedure whereby the proposed change in the existing zoning is initiated. Section 5 makes specific provision for a hearing preliminary to the amendment of a zoning classification and requires notice to all interested parties. Such requirement is for the protection of the property owners and is essential to the exercise of jurisdiction by the County, or its agencies, over the land described in the notice. We believe such notice to be mandatory and jurisdictional. Any amendment passed in contravention thereof is void. A majority of the states have so held, including California, Massachusetts, New York, Ohio, Pennsylvania, Texas and Virginia. See: Annotations, and cases cited therein, 96 ALR2d, 449–516 incl. The Illinois cases heretofore cited, and those of our sister States set forth in the annotation, sustain our conclusion that the statutory requirement of notice is mandatory and jurisdictional.

Thus, since the last publication notice did not include the westerly 600 feet of Tract 4, such property was not properly before the Zoning Board at the final hearing. It could not then act upon property not included in the publication notice, and the County Board could not change the zoning classification of such land even though it was included in its initiating resolution.

327

Under given circumstances, such as absence of prejudice, actual notice or participation in the hearing by all persons interested, or waiver or estoppel, the courts of other states have held that noncompliance with the notice requirement may be either curable or excusable. However, under our determination of this case, we do not reach this point. The parties did not present such circumstances to the court below, and we may not, on the record before us, assume that the notice deficiency was either cured or excused. See: Annotations, supra, 474–480.

Since the County Board of Supervisors purported to rezone Tracts 1, 2, 3 and 4, except the westerly 600 feet of Tract 1, as L–I, it was rezoning all of Tract 4 as L–I, when it had no jurisdiction over the westerly 600 feet of said Tract. Thus, its action with reference to the said Tract was invalid. From the record we cannot determine whether the Board would have so rezoned the other Tracts had it known the limitation on its jurisdiction with reference to the westerly 600 feet of Tract 4, nor can we determine that Baxter would have desired or sought such rezoning. The entire parcel, although described in four tracts, was considered as a unit. Under these circumstances, it would be improper to hold that the action of the Board may be upheld as to the land described in the publication notice, but not as to the rest. To do so would be to sever by guess or surmise that which may not be properly severable.

Consequently, we hold that the action of the County Board in rezoning said premises to L–I is void, and we reverse the judgment of the trial court. Under our decision, we do not reach the constitutional issues raised by the plaintiff.

Judgment reversed.

ABRAHAMSON, P. J. and SEIDENFELD, J., concur.

SUPPLEMENTAL OPINION ON DENIAL OF PETITION
FOR REHEARING

The defendants filed a Petition for Rehearing asserting that the opinion of this court is improperly founded upon "procedural due process" even though the transfer of the case to this court from the Supreme Court eliminated constitutional issues from the case. As noted in the opinion, the order of transfer stated that the Supreme Court was of the belief that the case did not present substantial constitutional issues, but only a question of statutory construction and application.

■ Our opinion with reference to the significance of the notice requirement of the relevant statute is primarily a matter of statutory construction and is not susceptible of being parlayed into a substantial constitutional question. Consequently, we have jurisdiction to determine this issue even though it may involve, incidentally, a constitutional question, so long as it is only to this limited extent. Pettigrew v. National Accounts System, Inc., 67 Ill App2d 344, 346, 347, 213 NE2d 778 (1966).

The defendants suggest that any defect in the notice of the hearing on the proposed rezoning amendment was waived by participation of the parties in the proceedings. The difficulty with this contention is that the record does not show that all of the interested persons, or frontage owners, actually did so participate. The record only indicates that unidentified property owners participated therein and not that all of the interested parties did so.

As stated in our opinion, it is clear to those who did participate that the description contained in the notice was erroneous, and that a change in zoning was in fact sought for land not within that description. Unfortunately, however, it is not known how many other interested parties were unaware of this fact, or what their attitude relative to the rezoning, as adopted, might have been had

they been aware of the discrepancy with reference to the land described in the notice and the land actually rezoned.

It may be that there were no additional interested parties by virtue of the discrepancy, but that supposition is merely speculation absent proper notice and absent a positive showing of participation by all of those directly affected. Such speculation is too frail a basis to confer jurisdiction and that is the very reason the statutory notice requirement is significant.

Since the record does not show that all of the property owners adjoining the rezoned premises participated in the proceedings, we cannot conclude there was no prejudice by reason of the defective notice, or that persons unknown to us and foreign to the record, have waived any defect in the notice. The deficiency in the notice compels us to hold that the act of rezoning was void, and we adhere to our opinion.

Petition for rehearing denied.