THE RUTLAND ENVIRONMENTAL PROTECTION ASSOCIATION *et al.*, Plaintiffs-Appellants, *v.* KANE COUNTY *et al.*, Defendants-Appellees.

(No. 75-11;

Second District (2nd Division)—August 13, 1975.

Richard L. Cooper and Stephen M. Cooper, both of Geneva, for appellants.

Marvin Dunn and Reid, Ochsenschlager, Murphy & Hupp, both of Aurora, and Lord, Bissell & Brook, of Chicago, for appellees.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

Plaintiffs appeal the decision of the trial court which upheld the rezoning of certain property in Rutland Township, Kane County, Illinois, from F-1 Farming, to Community Unit District (CUD). The new zoning will permit the construction of a proposed 1000-acre amusement park by defendant, Family Leisure Centers, Inc. (FLC). Plaintiffs, owners of property in the vicinity of the proposed park, formed a voluntary association of persons (REPA) opposed to the park's construction.

On appeal, plaintiffs challenge the validity of two ordinances which culminated in the rezoning of the area in question. They attack both ordinances contending that due process requirements of the United States and Illinois constitutions as to notice were not satisfied by the published notices of hearings. They then assert that the second of the ordinances (that which rezoned the particular property) was invalid because it amounted to contract zoning resulting from negotiations that transpired between county agents and FLC prior to passage of the ordinance. Lastly, they contend, the second ordinance was invalid because various public officials who were responsible for its passage were guilty of an "appearance of impropriety."

- The first ordinance under attack is an amendment to the general ordinance. Therein the requirements under the CUD zoning classification were changed from planned arrangements of residential uses and attendant commercial and industrial uses to allow for the proposed park. Specifically, the amendment deleted the requirement that all districts zoned CUD must contain residences. The notice precedent to hearings on this amendment was published on October 19, 1973. It advised that a public meeting was to be held on November 5, 1973, to consider "general amendments to the Kane County Zoning Ordinance including changes and additions to sections concerning residential districts and other minor changes." The notice also stated that a copy of the proposed amendments was on file for public inspection and gave the address at which the amendments could be examined.

In asserting that the notice of hearing on this amendment is constitutionally defective, plaintiffs argue (1) that the notice was so general, a person seeing the notice would not be adequately apprised of the proposed zoning change, (2) that the notice did not conform to statutory requirements, and (3) the notice was solely by publication.

■■ We first address the claim that the notice was inadequate because it was vague and overly general. The challenged notice explicitly stated that the general zoning classification amendments to be considered would affect residential districts and it designated the location at which the proposed amendments could be examined. The notice was sufficient to alert persons with an interest in residential zoning classifications that a change was to be made in the general ordinance and, with reasonable diligence, such persons could determine whether those changes were matters of concern.

Plaintiffs allege that the statutory provisions for notice were not met in that notice was not given to those affected and the hearing was not held within the township affected. (Ill. Rev. Stat. 1973, ch. 34, § 3158.) The statute requires that at least 15 days prior to hearing, notice of the public meeting must be published in an official paper or in one of general circulation in the affected county. The statute further provides that where general amendments to the basic zoning ordinance are sought, hearing may be conducted in the county court house. Where rezoning of specific parcels is sought, the hearings are to be had within the township affected. In neither case does the statute require that notice other than by publication be given affected persons. Inasmuch as the county was seeking at this time to generally amend its zoning ordinance, the statutory requirements were met; cf. *Bieretz v. Village of Montgomery*, 67 Ill.App.2d 403, 407 (1966).

■■ Plaintiffs assert that notice by publication, instead of personal

notice, is insufficient. As previously stated, the published notice complied with the statutory requirements of notice pertinent to proposed amendments in the general ordinances. The published notice was constitutionally adequate and defendants were not in this instance required to serve personal notice. *Bohan v. Village of Riverside*, 9 Ill.2d 561, 566 (1956); *Village of Riverwoods v. County of Lake*, 94 Ill.App.2d 320, 326-27 (1968).

The balance of plaintiffs' arguments concern the subsequent amendment of another ordinance which allowed the particular rezoning of the 800 acres to accommodate the proposed park. Notice of the public hearing on the petition to rezone was published on November 12, 1973, in the Elgin Courier News; public hearing was held on November 28. The zoning board voted to recommend approval of the petition and forwarded its recommendation to the Kane County Board of Supervisors who approved the petition in February of 1974.

Plaintiffs contend that the published notice was insufficient and urge this court to look to the totality of the circumstances to determine whether plaintiffs were afforded adequate notice of hearings under the due process standards. Included in the "circumstances" urged upon this court is plaintiffs' argument that, prior to the passage of the ordinance, the county withheld from plaintiffs information on the nature of the park, and the additional assertion that the single publication of notice for the Board's hearing was a "mere gesture." The trial court found that plaintiffs were fully informed at all stages as plans were being developed for construction of the park, and that plaintiffs appeared regularly at various public meetings where detailed presentations were given. Our review of the record discloses that there was ample evidence to support the trial court's conclusion that plaintiffs were informed on the nature of the proposed park.

Plaintiffs concede that the published notice complied with the requirements of the statute but maintain that, under the circumstances here, that notice was inadequate. This contention is without merit because, as previously stated, published notice which conforms to the statute is legally sufficient. Too, the evidence was undisputed that virtually all REPA members had actual notice of the November 28 zoning board hearing and that most of the named plaintiffs attended. Where, as here, defendants complied with statutory requirements of notice, and plaintiffs had actual notice (many attending the hearing), plaintiffs were in no way deprived of adequate notice.

Plaintiffs' final challenge to the sufficiency of notice on this second ordinance relates to minor amendments made in the ordinance during the February hearing at which it was adopted. This point is raised for

the first time on appeal, and because it was never raised for the trial court's consideration, we deem it waived. *Women's Athletic Club v. Hulman*, 31 Ill.2d 449, 454 (1964).

Despite our holdings on the matters of notice, we empathize with plaintiffs' position that, under circumstances here present, more definitive or additional notice should be required. As we are bound by existing law, plaintiffs' grievances would more properly be directed to the legislative branch of government.

Plaintiffs allege that the ordinance which rezoned the 800 acres to CUD was the product of negotiations, bargaining, and concessions between FLC and the development committee and that it was therefore invalid as "contract zoning." Cases which plaintiffs cite in support of this assertion are inapplicable here. In those cases, ad hoc conditions or restrictions were attached to existing zoning ordinances, resulting in new zoning classifications not previously contained in the zoning ordinance or comprehensive plan. See, *e.g., Andres v. Village of Flossmoor,* 15 Ill.App.3d 655 (1973); *Cederberg v. City of Rockford,* 8 Ill.App.3d 984 (1972).

The Kane County ordinance regulating CUD zoning requires discussion and "bargaining" for CUD zoning classification. Thereunder an applicant for CUD zoning must, at an informal conference, submit to the plat officer a sketch plan describing existing conditions of the site and of the proposed development. After the preapplication conference, the plat committee reviews the proposal. Recommendations made by the plat officer or committee during the initial review may be incorporated into the development plan. After approval of the initial proposal by the plat committee, a detailed development plan is prepared which must include certain specified information, and this plan is then reviewed by the plat officer and committee with approval contingent upon the plan meeting specified criteria. Regulations require that a developer's final plan contain approved provisions for such items as streets, utility easements, water distribution, lighting, and landscaping. It is only after the plat committee has approved the development plan that the applicant may first petition for CUD zoning.

■■ Community unit development is a method of land use control designed to supplement existing master plans and zoning ordinances. It permits combining different land uses on the same tract, is intended to apply to specific property, and meant to facilitate the development of an environmentally sound, and functional unit. Flexibility is the advantage which CUD zoning enjoys over traditional euclidean zoning which divides a community into districts and requires segregated uses.

See *Rudderow v. Township Committee*, 121 N.J. Super. 409, 297 A.2d 583 (1972).

■■ Since the overall aims of CUD zoning cannot be accomplished without negotiations and because conferences are indeed mandated by the regulating ordinance, the conduct of the defendants herein cannot be read as contributing to contract zoning. The very term "contract zoning" is inappropriate to the facts herein. The conduct of FLC and the planning commission was in compliance with the county's ordinance regulating CUD zoning.

Without raising a constitutional question in the trial court or on appeal, plaintiffs here indirectly attack CUD zoning claiming there are no standards. As evident by the foregoing, such claim is unfounded. The county's ordinance sets forth specifications and requirements as to procedure, design, development and open-space standards. We find the ordinance to contain sufficient standards.

In an amended complaint, plaintiffs contend that the Kane County Development staff's approval of FLC's petition to rezone and the subsequent amendment to the zoning ordinance were products of fraud and deceit. The basis for this allegation was that a member of the Kane County Board of Supervisors was a member of a surveying firm employed by FLC to do surveying work in connection with the amusement park project and that FLC commissioned the services of an engineering firm which it knew was developing the Kane County Master Plan under a long term contract between the county and the firm. We need not concern ourselves with the sufficiency of plaintiff's allegations because the trial court found "no evidence in the entire record whatever of fraud and deceit. The only evidence presented were accusations by plaintiffs, inferences, inferences upon inferences, innuendo and suggestions in questions addressed to witnesses   *   *   *." From our review we find the trial court's summation correct.

By post-trial motion, and again on appeal, plaintiffs argue that in contrast to the traditional standards of proof for fraud, the standard of proof sufficient for invalidating an ordinance is that the conduct of public officials created "an appearance of impropriety" in the mind of the average citizen.

■■ Other jurisdictions have adopted a standard whereby an appearance of impropriety may be sufficient to invalidate a zoning ordinance but the law is clear in Illinois that, absent proof of actual fraud, courts cannot investigate the wisdom or motives of the legislative branch in order to invalidate zoning ordinances. (*Murphy v. Chicago, Rock Island & Pacific Ry. Co.*, 247 Ill. 614, 619 (1910); *Anthony v. City of Kewanee,*

71 Ill.App.2d 243, 247-48 (1967).) Therefore, where the elements of fraud have not been alleged or proven, this court is without the power to inquire into the motives attendant to the passage of the ordinance in question. See *Anthony v. Kewanee.*

For these reasons, the judgment of the circuit court is affirmed.

Judgment affirmed.

RECHENMACHER, P. J., and DIXON, J., concur.