NATIONAL BOULEVARD BANK OF CHICAGO, Trustee, *et al.*, Plaintiffs-Appellees, *v.* THE COUNTY OF WILL, Defendant-Appellant.—(Barbara Gerard, Intervening Appellant.)

Third District   No. 82—157

Opinion filed February 9, 1983.

Thomas M. Monahan, of Joliet, for appellant Barbara Gerard.

Edward F. Petka, State's Attorney, of Joliet (Randal J. Miller, Assistant State's Attorney, of counsel), for appellant County of Will.

Thomas A. Dunn, of Joliet, for appellee Walter E. Johnson.

PRESIDING JUSTICE BARRY delivered the opinion of the court:

Plaintiffs, an Illinois land trustee and beneficiary, brought an action for declaratory judgment invalidating a county of Will zoning ordinance which classified the land trust property as A-1 (farming). Injunctive relief was sought as well to restrain the county from enforcing the ordinance. Barbara Gerard, an adjoining land owner, intervened to protest the granting of relief on plaintiffs' suit on the theory

that she had been denied her constitutional right to due process of law by the plaintiffs' failure to provide her notice of the hearing on their petition for a zoning amendment held by the board of zoning appeals on May 22, 1979; and that, as a consequence, the administrative proceeding initiated by plaintiffs to reclassify their property to I-1 (light industrial) was invalid and the trial court lacked jurisdiction to hear the instant suit. The matter was tried over a two-week period. After taking the case under advisement, the circuit court of Will County held that the plaintiffs had demonstrated substantial compliance with the statutory notice requirement and that, in any event, Mrs. Gerard had waived her right to procedural due process by failing to file a motion to dismiss with the court in advance of trial. The court further held that plaintiffs had demonstrated by clear and convincing evidence that the zoning ordinance, as applied to plaintiffs' property, was arbitrary and unreasonable. The court declared the ordinance invalid and enjoined the county of Will from enforcing it against plaintiffs' property.

Both the county of Will and Mrs. Gerard appealed from the court's ruling. It is the position of both appellants that the evidence adduced at trial was insufficient to support the court's findings. We affirm.

We have read the voluminous record in this case and will not recite in detail the evidence admitted at trial except as needed to explain our conclusions. The intervenor's point on appeal is that she was entitled to actual—as opposing to constructive—notice of the hearing to be held by the zoning board of appeals respecting plaintiffs' proposed zoning amendment. In support of her position, she cites section 5 of "An Act in relation to county zoning" (Ill. Rev. Stat. 1979, ch. 34, par. 3158), which provides in relevant part:

> "At least 15 days notice of the time and place of such hearing shall be published in a newspaper of general circulation published in such county ***. *** In case of written protest against any proposed amendment, signed and acknowledged by the owners of 20% of the frontage proposed to be altered, or by the owners of 20% of the frontage immediately adjoining or across an alley therefrom, *** such amendment shall not be passed except by the favorable vote of ¾ of all the members of the county board ***."

We find absolutely no authority requiring a land owner in plaintiffs' position to serve an adjoining land owner with actual notice of a proposed amendment. Publication per statute is all that is required to satisfy the intervenor's constitutional right to procedural

due process. (*Rutland Environmental Protection Association v. Kane County* (1975), 31 Ill. App. 3d 82, 334 N.E.2d 215, *cert. denied* (1976), 425 U.S. 913, 47 L. Ed. 2d 764, 96 S. Ct. 1510.) Personal notice to adjacent property owners is not required. (*Village of Riverwoods v. County of Lake* (1968), 94 Ill. App. 2d 320, 237 N.E.2d 547.) There is no dispute that plaintiffs in fact complied with the statutory publication requirement in anticipation of the May 22, 1979, hearing. The trial court did not err in holding that the intervenor was given sufficient notice despite her complaints that she had not had actual notice of the proposed amendment hearing.

The second issue for our consideration concerns the county's contention that plaintiffs' evidence was insufficient to prove that the existing zoning ordinance is invalid as applied to the land trust property. The property in question is an approximately 10-acre parcel in Green Garden Township bordered on the west by Route 45 and on the north by Manhattan/Monee Road. The zoning ordinance in question was adopted by the county of Will in 1978. According to the county's master plan for land use, the plaintiffs' property was classified A-1 (farming). The property was purchased with the intention of expanding Johnson's business of fabricating structural steel into trusses and joists. In February of 1979, plaintiffs applied for reclassification of the property to I-1 (industrial). The Will County Regional Planning Commission recommended approval of the request. Thereafter, a public hearing on plaintiffs' application was held by the zoning board of appeals on May 22, 1979. The board also approved the proposed reclassification and made its recommendation to the Will County Board of Supervisors for their consideration. On June 14, 1979, the board of supervisors denied plaintiffs' application. This suit followed.

The evidence established that plaintiffs' parcel has been farmed by tenants since plaintiffs purchased it in 1978. The land surrounding the parcel is classified and used as follows: I-2 (industrial)—a fertilizer plant; C4 (Commercial)—an implement sales store; A-1 special use—storage of landscaping equipment; I-1 (limited industrial)—nursery; and A-1 (farming)—production of corn/beans. Plaintiffs' proposed use as a site for a fabricating plant would result in the employment of 20 workers and would require one semi-truck making one trip in and one trip out of the plant per day. The amount of sewage which would be added to the community public facilities would be comparable to that of two head of cattle. The volume of noise generated by plant operations would be negligible.

The parties' expert witnesses were divided on whether the highest and best use of the parcel was agricultural or industrial. They differed

as to whether plaintiffs' land was in a flood plain which would make it unsuitable for the proposed plant. They disputed as to whether a trend existed in the immediate area of plaintiffs' property toward industrial development. They disagreed as to the adequacy of existing fire protection to accommodate plaintiffs' proposed use.

The parties did not agree as to whether the products to be fabricated at plaintiffs' plant were "agricultural" considering evidence that they would be used in the construction of farm buildings. Mr. Johnson's testimony, however, indicated that most of the joists and trusses to be fabricated at the Green Garden site would be distributed to points outside of the immediate area. Long range plans, according to Johnson, were to add windmills and solar panels to the products made at the proposed plant.

■ The crucial question considered by the trial court was whether the plaintiffs' evidence clearly and convincingly demonstrated that the existing zoning ordinance was unreasonable insofar as it excludes plaintiffs' proposed use for the parcel in question. (*Drogos v. Village of Bensenville* (1981), 100 Ill. App. 3d 48, 426 N.E.2d 1276.) In determining that plaintiffs had met their heavy burden of overcoming the presumption of validity of the ordinance (*Gust v. Village of Westchester* (1982), 110 Ill. App. 3d 425, 442 N.E.2d 525), the trial court applied the six factors set forth in *La Salle National Bank v. County of Cook* (1957), 12 Ill. 2d 40, 145 N.E.2d 65, and the two additional considerations as set forth in subsequent case law. (See, *e.g.*, *Bass v. City of Joliet* (1973), 10 Ill. App. 3d 860, 295 N.E.2d 53; *Drogos.*) We need not recite each factor here inasmuch as the trial court adequately dealt with them in its judgment declaring the ordinance invalid. Having read the record, we are convinced that the trial court properly applied the factors and correctly determined that, in fact, the ordinance, as applied to plaintiffs' parcel, is arbitrary, unreasonable and invalid. Those facts which, in our opinion, most strongly dictate our affirmance of the trial court's ruling are: (1) that the parcel in its present state is economically unsuitable for its present use because of its size; (2) the area immediately surrounding the parcel manifests a trend toward uses for commercial, industrial and other nonfarming establishments; (3) the plaintiffs' proposed use would result in significant economic benefit to the public, and its detrimental impact on public services, and aesthetic and monetary property values of surrounding individual owners would be minimal; and (4) both the immediate and long-range plans proposed by plaintiffs for the fabricating plant are supportive of farm constructions and could directly benefit the Green Garden farming community. In sum, we conclude that the

trial court's determination is not contrary to the manifest weight of the evidence.

Having found no error, we affirm the trial court's judgment.

Affirmed.

STOUDER and SCOTT, JJ., concur.