Oak Park Trust & Savings Bank, a Corporation of Illinois as Trustee Under Trust Agreement Dated February 20, 1965, and Known as Trust 4820, Armand Andreoni, Albert J. Andreoni, and Robert Spircoff, Beneficiaries of Said Trust, Plaintiffs-Appellants, v. Village of Elmwood Park, a Municipal Corporation, Defendant-Appellee, Jack Aikens, et al., Intervening Defendants.

Gen. No. 52,600.

First District.

July 11, 1969.

Ben Copple, Albert A. Gomberg, and Jerome H. Torshen, of Chicago, for appellants.

Maurice J. Nathanson, Louis Jaffe, and Joseph A. Murphy, of Chicago (Paul Peter Black, of counsel), for appellees.

RYAN, J.

Plaintiffs' Complaint prayed for a declaratory judgment declaring that plaintiffs have a right to construct two buildings containing three flats each on the real estate in question and prayed for an Order directing the defendant, Village of Elmwood Park, to issue building permits therefor. After trial before the court, the prayer of the Complaint was denied and the suit was dismissed. This appeal followed.

In 1961 the Village of Elmwood Park enacted the zoning ordinance involved in this case. Article II of the zoning ordinance divides the city into five classes of use districts, designates the boundaries of each district and describes the permitted use of the land therein.

In 1965 the three individual plaintiffs herein purchased the land in question which was a vacant tract of approximately four acres located in Elmwood Park. The property did not lie within the boundaries set forth in Article II of the zoning ordinance for any of the five districts

created thereby. However on the map referred to in Article II which will be discussed later, the land in question is shown in plain white. The legend printed on the map indicates that the area shown thereon in plain white is zoned "A"—Residence District. The legend also indicates each of the other four districts as being marked with diagonal marks, slash marks and crosshatches. The three individual plaintiffs created a land trust shortly after acquiring the property, retaining their interests therein as beneficiaries of the trust. The other plaintiff herein is the Trustee under said trust.

In February, 1966, the plaintiffs made application to the defendant Village for an amendment to the zoning ordinance asking that the property in question be rezoned from "A"—Residence to "B"—Specialty Shops District, a zone classification which would permit the building of condominium apartment buildings on the property. Following a hearing, plaintiffs' application for reclassification was denied.

In October, 1966, plaintiffs applied for building permits to construct two apartment buildings of three apartments each on the property which is a use prohibited under classification "A"—Residence but is permitted under classification "AA"—Residence. Before the applications were acted upon certain contracts were entered into for the construction of the proposed apartment buildings on the property in question. On December 8, 1966, the application for building permits were refused and on December 14, 1966, this suit was instituted. On January 16, 1967, while this suit was pending, the defendant Village amended section 1402.02 of Article II of the zoning ordinance entitled "A"—Residence by inserting therein boundaries which included the subject property.

Plaintiffs insist that their property was zoned "AA"—Residence by the zoning ordinance, was so zoned when the plaintiffs purchased the property, and was so zoned

when they applied for the building permits. They arrive at this conclusion by referring to section 1403.02 of Article III of the zoning ordinance which states:

> "AA District shall include all that portion of Elmwood Park not specifically included in Districts as hereinafter in this ordinance described."

Since the property in question is not included within the boundaries of any of the districts as set forth in the text of the ordinance, the plaintiffs thus conclude that by virtue of section 1403.02 of Article III their property is included in "AA" District classification.

The section relied upon by the plaintiffs does not purport to create "AA"—Residence District nor to define the boundaries thereof. This section is part of Article III of the ordinance which is captioned "District regulations" and each section thereof sets forth the use regulations for the area contained in each of the five districts as to type of buildings permitted, use of premises, height of buildings, rear yard, side yard, intensity of use of the lot, etc. In no section of Article III are the boundaries of the districts set forth.

Article II of the ordinance, however, is captioned "Districts" and the various sections thereof designate each district by name, set forth the permitted use therein and set out the boundaries of each district. It is to Article II of the ordinance and not to Article III that one must look to ascertain the classification of any property in the Village of Elmwood Park. Under section 1402.03 of Article II the boundaries of "AA"—Residence District are set forth and plaintiffs' property is not within the boundaries of "AA"—Residence District as therein defined. It is likewise not within the boundaries of "A"—Residence District as the same are set out in section 1402.02 of Article II. However, it is section 1402.01 of Article II which divides the Village into five classes of use districts. This section does not say that the boundaries of

124

each district shall be as set forth in the various sections of Article II of the ordinance but it does state:

> "The Village of Elmwood Park is hereby divided into five classes of use districts *as shown on the map attached hereto and made a part hereof"* (emphasis added).

The map clearly indicates that the property in question is within the boundaries of the district zoned "A"—Residence.

■■■ We agree with plaintiffs' contention that a zoning ordinance is in derogation of common law rights to the use of property and therefore should be strictly construed in favor of the right of a property owner to the unrestricted use of his property. Voisard v. County of Lake, 27 Ill App2d 365, 169 NE2d 805. However, in construing the zoning ordinance we cannot ignore the clear indication of the use classification which is set forth on the map which has been specifically referred to in the text of the ordinance and made a part thereof. In construing a zoning ordinance the court will not isolate one part of the ordinance and ignore the plain meaning and importance of the other parts, but will give force and effect to all of the provisions of the ordinance germane to the subject involved. 101 CJS, 883.

■■ The amendment of the zoning ordinance by the defendant Village on January 16, 1967, subsequent to the institution of this suit was not an attempt to change nor did it change the classification of the plaintiffs' property. The amendment was made for the purpose of making the provisions of section 1402.02, Article II of the ordinance conform to the boundaries of "A"—Residence District as set forth on the map.

This, the Village clearly had the right to do, even though pending litigation would be affected by the amendment. Bohan v. Village of Riverside, 9 Ill2d 561,

138 NE2d 487, and Kaufman v. City of Highwood, 91 Ill App2d 196, 233 NE2d 230.

The plaintiffs contend that in reliance upon the probable issuance of building permits they entered into construction contracts by which they became obligated for large sums and that they have acquired building plans and borrowed money upon which they must pay interest. They insist that this change in position in reliance upon the probability of the issuance of the building permits is sufficient to entitle them to complete the construction contemplated regardless of the subsequent amendment to the zoning ordinance changing the zoning classification.

The vested right rule relied upon by the plaintiffs was stated by the court in People ex rel. Skokie Townhouse Builders v. Village of Morton Grove, 16 Ill2d 183, 157 NE2d 33, at page 191 as follows:

> "Where there has been a substantial change of position, expenditure, or incurrence of obligations, made in good faith by an innocent party, under a building permit or upon the probability of its issuance, such a party has a vested property right and may complete construction and use the premises for the purposes originally authorized, irrespective of subsequent zoning or change in zoning classification."

■ This rule was designed to prevent the ordinance or an amendment thereto from having retroactive effect in the situations enumerated by the court in the quoted portion of the above case. This rule does not apply in the present case because: (1) No building permit had been issued to the plaintiffs; (2) There was no probability that one would issue because the defendant Village had consistently insisted that the property was zoned "A"—Residence; and (3) The amendment to the zoning

126

ordinance in January, 1967, did not change the classification of the plaintiffs' property. Therefore, the plaintiffs acquired no vested right to complete their proposed building.

In addition to the foregoing, we feel that the plaintiffs' present contention that the property is zoned AA is not consistent with their conduct in February 1966. At that time they made application for an amendment to the zoning ordinance and represented that the property was zoned A.

We are of the opinion that the decision of the trial court denying the plaintiffs' relief is correct and should be affirmed.

Judgment affirmed.

STOUDER and ALLOY, JJ., concur.