Dale L. Heitzman *et al.*, Plaintiffs-Appellants, *v.* The Board of Zoning Appeals of the City of Rock Island *et al.*, Defendants-Appellees.

(No. 73-75;

Third District—February 28, 1974.

Stuart Lefstein, of Rock Island, for appellants.

Harrison Kavensky and Bernard Gillman, both of Rock Island, for appellees.

Mr. JUSTICE SCOTT delivered the opinion of the court:

Defendant George H. Coin filed an application with the Board of Zoning Appeals of Rock Island, Illinois, requesting that the board authorize him to construct a "Residence Development Project", hereinafter referred to as the Project, on certain real estate owned by Coin. The plaintiffs are the owners of real estate abutting the Coin tract. Also joined as defendants are the Board of Zoning Appeals of the City of Rock Island, Illinois, and the City of Rock Island, Illinois, a municipal corporation.

The application by Coin was first presented to the board in 1971. It was referred to the planning commission, which held public hearings and recommended approval of the plan by a five-to-two vote. On December 8, 1971, the matter was finalized before the Board of Zoning Ap-

peals with four of the seven members of the board present, three of the members of the board voting in favor of the project and one against it. The zoning ordinance of the City of Rock Island provides that four affirmative votes of the board were required in order that the application may be granted. No further steps were taken in the 1971 case, but on January 12, 1972, the defendant Coin filed another application making the same request. On February 2, 1972, the planning commission of the City of Rock Island again considered his application, the same having been referred to it by the zoning board. No further public hearings were held but all matters presented at the hearings on the 1971 application were taken into consideration by the planning commission and on that date the application was approved by a five-to-three vote. On February 9, 1972, the Board of Zoning Appeals considered the application and approved the same by a four-to-one vote. From this decision plaintiffs filed an appeal in the circuit court of Rock Island County, Illinois, and on July 7, 1972, the circuit court affirmed the decision of the Board of Zoning Appeals. From that decision plaintiffs filed this appeal.

The zoning ordinance of the City of Rock Island, where pertinent to this case, provides:

"ARTICLE VII—"R-2" ONE-FAMILY RESIDENCE DISTRICTS

7.0 USES

7.00 *Permitted Principal Uses*

7.001 Any use or structure permitted and as regulated in the "R-1" District, except as hereinafter modified.

7.01 *When Authorized by Board of Appeals*

7.011 Dwelling groups (see Section 20.03).

7.012 Hospitals, sanitariums and nursing homes, provided that any such buildings shall be at least fifty (50) feet from any other lot in any "R" District.

7.013 Cemeteries.

7.014 Residence Development Projects (see Section 20.04).

7.02 *Permitted Accessory Uses*

7.021 "R-1" Residence District accessory uses.

7.03 HEIGHT REGULATIONS. No principal structure shall exceed two and one-half (2½) stories or thirty (30) feet in height, and no accessory structure shall exceed one (1) story or twelve (12) feet in height, except as provided in Section 21.01.

\* \* \*

20.03 DWELLING GROUPS

20.031 In the case of a project consisting of two or more dwelling units on a plot of ground not subdivided into the customary streets and lots and which will not be so subdivided, or where the

existing or contemplated street and lot layout make it impracticable by reason of adverse topographic conditions to apply the requirements of this ordinance to the plot of ground. The applying of such requirements to such project shall be done by the Board of Appeals in a manner that will insure substantially the same character of occupancy, maximum intensity of use, and minimum standard of open spaces as permitted by this Ordinance in the district in which the proposed project is to be located.

20.032 In no case shall the Board authorize a non-residential height prohibited in the district in which the project is to be located, or a smaller lot area per family than the minimum required under this Ordinance in such district. Nor shall the Board authorize a building coverage exceeding that which would be obtained were the same area to be developed by the customary subdivision thereof into streets and lots in conformance with the adopted Subdivision Regulations, and by the type of buildings customary in the district and in compliance with the requirements of this Ordinance.

20.04 RESIDENCE DEVELOPMENT PROJECTS

20.041 A Residence Development Project consisting of any number of buildings, the contemplated arrangement of which makes it impossible to apply the requirements of this Ordinance to the individual buildings, may be authorized by the Board of Appeals in districts in which such projects are permitted under this Ordinance. In so doing, the Board shall first refer the plans for such project to the Planning Commission for study, public hearing and report upon finding that the plans of such project meet the following conditions:

20.0411 That the tract of land on which the project is to be erected comprises at least five (5) acres, unless comprising an entire block.

20.0412 That the buildings are to be used only for residential purposes and the customary accessory uses, such as private garages, storage spaces, recreational and community activities.

20.0413 That the average lot area per family or dwelling unit on the site, exclusive of the area occupied by streets, will not be less than eighty (80) per cent of the lot area per family required in the district in which the project is to be located.

20.0414 that there is to be provided within the tract, or immediately adjacent thereto, parking spaces in private garages or off-street parking areas as specified in Section 20.00.

20.0415 That there are to be provided, as a part of the project,

adequate recreation areas to serve the needs of the anticipated population to be housed therein.

20.0416 That the proposed project will constitute a residential environment of sustained desirability and stability; that it will be in harmony with the character of the surrounding neighborhood and insure substantially the same type of occupancy as obtains or may be expected to obtain in said neighborhood; that it will result in intensity of land utilization no higher, and standards of open spaces at least as high as permitted or specified in this Ordinance in the district in which the project is to be located.

20.0417 That the project will be consistent with the intent and purpose of this Ordinance to promote public health, safety and general welfare.

ARTICLE XXI—ADDITIONAL REQUIREMENTS, EXCEPTIONS AND MODIFICATIONS

21.00 The requirements and regulations specified hereinbefore in this Ordinance shall be subject to the additional requirements, exceptions, modifications, and interpretations in the following:

21.01 HEIGHT LIMITS. Height limitations stipulated elsewhere in this Ordinance shall not apply:

21.011 To barns, silos or other farm buildings or structures on farms, provided these are not less than fifty (50) feet from every lot line, to church spires, belfries, cupolas and domes, monuments, water towers, fire and hose towers, masts and aerials; to parapet walls extending not more than four (4) feet above the limiting height of the building. However, if, in the opinion of the Building Inspector, such structures would adversely affect adjoining or adjacent properties, such greater height shall not be authorized except by the Board of Appeals.

21.012 To places of public assembly such as churches, schools, and other permitted public and semipublic buildings, not to exceed six (6) stories or seventy-five (75) feet, provided that for each foot by which the height of such building exceeds the maximum height otherwise permitted in the district its side and rear yards shall be increased in width or depth by an additional foot over the side and rear yards required for the highest building otherwise permitted in the district.

21.013 To bulkheads, conveyors, derricks, elevator penthouses, water tanks, monitors and scenery lofts; to monuments, fire towers, hose towers, cooling towers, grain elevators, gas holders or other structures, where the manufacturing process requires a great

height. Where a permitted use requires, greater heights than specified may be authorized by the Board of Appeals.

21.014 To hospitals, provided that for each foot by which the height of such building exceeds the maximum height otherwise permitted in the district, its side and rear yards shall be increased in width and depth by an additional ½ foot over the side and rear yards required for the highest building otherwise permitted in the district."

The defendant Coin's proposal contemplates the construction of two five-story buildings for multiple family occupancies and plaintiffs contend that the board in authorizing his proposal violated the zoning ordinance of the City of Rock Island. The defendants on the other hand argue that there is no requirement in the city ordinance for resident development projects that excludes multiple family occupancy and five-story buildings.

As previously noted, the board approved defendant Coin's plan to construct a residence development project in an area zoned "R-2 One Family Residence District". Section 7 of that ordinance dealing with "R-2" districts provides that the land will be used for one-family detached dwellings and other uses not pertinent to this decision. That article further provides that the land in the zoned area may be used for dwelling groups, residence development projects, hospital and other certain uses. Article VII restricts the height of buildings to 2½ stories at 30 feet. A residence development project is not clearly defined within the ordinance and section 20.04 and subsections 20.0411 through 20.0417, inclusive, cover the entire subject.

Section 20.041 provides that the Board of Appeals may authorize a residence development project "consisting of any number of buildings, the contemplated *arrangement* of which makes it impossible to apply the requirements of this Ordinance to the individual buildings" (emphasis added) in districts where permitted under the ordinance. It further provides that the plan will be referred to the planning commission for "study, public hearing and report upon finding that the plans of such project meet the following conditions;   *   *   *." There follows in the ordinance seven conditions set forth in subparagraphs .0411 to .0417. It is noted that in the seven conditions set forth, no mention is made of the height of the buildings and appellees argue that the absence of such condition impliedly removes the height restriction from buildings in a residence development project when constructed in an R-2 district. To fortify their argument they point to section 20.03, the section relating to dwelling groups, and note that section 20.032 expressly states that in

no case shall the board authorize a *"non-residential* height prohibited in the district in which the project is to be located". (Emphasis added.) The defendants contend that because section 20.032 prohibits a waiver of residential height, whereas section 20.04 is silent on the subject of residential height, a fair construction of the ordinance compels the conclusion that a residential development project can be constructed without consideration of the height restriction contained in the zoning regulations controlling the district.

It should be noted that section 20.032 refers to a "non-residential height". This argument, however, is of no avail to appellees. The precise meaning of "non-residential" as opposed to "residential" cannot be ascertained from the record, and if some parallel exists between the section dealing with dwelling groups on the one hand and residence development projects on the other, it is outweighed by other considerations contained within the ordinance.

Section 21.01 of the ordinance provides that "height limitations stipulated elsewhere in this ordinance shall not apply" to various structures including among them hospitals. Nothing within this section excludes residence development projects from the operation of the height limitations within the particular zone district.

A fair reading of the ordinance would indicate that any structure constructed within an R-2 district, except hospitals, cannot exceed the 2½-story or 30-foot height regulation, including dwelling groups. The "non-residential" height restriction placed in 20.032 seemed to do nothing more than add a further restriction insofar as the dwelling groups are concerned. Article XXI, section 21.00, provides that "the requirements and regulations specified hereinbefore in this ordinance shall be subject to the additional requirements, exceptions, modifications and interpretations * * *." As noted, residential development projects are not included. It would appear that the only interpretation that can be placed upon the ordinance in its entirety is as above stated and where a residence development project is planned for an area zoned R-2 a reading of the entire ordinance would require that the height limitation within the R-2 area be respected.

■■■ In *Oak Park Trust & Savings Bank v. Village of Elmwood Park,* 113 Ill.App.2d 121, 125, 251 N.E.2d 788, this court stated:

> "In construing a zoning ordinance the court will not isolate one part of the ordinance and ignore the plain meaning and importance of the other parts, but will give force and effect to all of the provisions of the ordinance germane to the subject involved. 101 C.J.S., 883."

While it is true that a zoning ordinance should be strictly construed in favor of the right of a property owner to the unrestricted use of its property (*Voisard v. County of Lake*, 27 Ill.App.2d 365, 169 N.E.2d 805) the court cannot ignore the controlling provisions of an ordinance under the guise of liberal interpretation.

■■ Section 20.041 makes reference to "the contemplated arrangement" to the individual buildings and 20.0416 of the ordinance states that the proposed project "will be in harmony with the character of the occupancy as obtains or may be expected to obtain in said neighborhood". It is difficult to conceive how under the ordinance two five-story buildings, each containing multiple family occupancy, can be constructed in this district under this ordinance. It may well be, and from a reading of the record we are inclined to think, that a structure of the nature proposed by defendant Coin may be the only project suitable for the area, but it is not for the court to redraft the ordinance, but for the city to specify directly in what areas the restrictions of a particular area zoned may be ignored.

For the reasons herein stated the judgment of the Circuit Court of Rock Island County is reversed and the order of the Board of Zoning Appeals of the City of Rock Island, Illinois, granting the defendant George H. Coin authority to construct a residential development project, be and the same is hereby declared to be void.

Reversed.

ALLOY, P. J., and STOUDER, J., concur.